McCay, Judge.
1. Under our law there is no authority to alter a public road but by an order of the Inferior Court, (now the Ordinary:) Revised Code, sections 643, 645; Constitution 1868, Article V.section 5. The proof here is clear, that up to a *short period the road had for years been just in the track where the plaintiff’s team went. But the road was changed in fact. Who changed it does not appear. The presumption is strong that it was done by the agents of the company, since the testimony is that the road continued as it had been until just before the work reached where it crossed the track. Even if the company had authority to make a new way, whilst the work at that precise point was progressing, it was of paramount necessity that the old track should be effectively blockaded, so that a traveler, by day or by night, might know there was an obstruction. But it is no part of this defense that the obstruction is lawfully there, if the old road is still the legal road. The only point of the defense on this branch of the subject is, that the road was permanently changed, and that the plaintiff, at the time of the fall, was not in the legal road. As we have said, there is no authority to alter a road except by order of Court. True, it is often done, but that does not make it lawful. It is not for private persons, nor even for overseers or road commissioners to alter a public road. Nothing but an order of the Court or permanent user can do this. Where the road had been located for years was the legal road, and if the change was made as contended, it was for the defendant to show it.
2. We do not wholly approve the language used by the Judge in his enumeration to the jury of the elements which go to make up the damages. The physical injuries of the plaintiff, and his mental and physical suffering, are proper elements. But when the Judge added “pride, manhood,” we fear he used language calculated in its ordinary signification to open the door too widely. The injury to the pride, manhood of the plaintiff, de *426 pends so entirely upon the character and temper of the plaintiff, that it can hardly he said to be the direct result of defendant’s, act. It is a possible result, but other contingent circumstances preponderate in making any estimate upon it: Code, section 3017. But this charge can only have been understood by the jury, in view of the facts, as relating to that injury which came to the plaintiff by ^reason of his deformity — the mortification which it put upon him from having to pass through life deformed, lame, shorn of his full proportions as a man. And this was not an improper element in the damages. In this sense, the charge is only another way of saying that the plaintiff is entitled to damages for having been rendered deformed by the defendant’s negligence. We do not see that the jury could have considered any such fanciful damages as depend only on the temperament of the plaintiff. There is a plenty of proof of real damage to justify the verdict. If this road was changed without authority of law. — -a trap dug and carelessly left open, to the detriment of those who, by night as well as by day, have a right to pass over the road — it was a gross wrong, and the road ought to pay for it.
3. We do not think the verdict contrary to evidence. This obstruction to the public highway was a wrong, so far as the evidence shows, and the plaintiff has seriously suffered from it, the damages given are by no means excessive, and the evidence justifies the verdict. It is only in a strong case where a new trial ought to be granted for excessive damages.
Judgment affirmed.