## Township of Aston *versus* McClure.
## Same *versus* Quigley.

1. Where a railroad company appropriates the entire width of a public road for its track, but actually uses only a portion thereof, leaving the remainder open for travel but in a dangerous condition, it is the duty of the township supervisors either to fence off the dangerous position so that the public cannot travel thereon, or else, to erect and maintain such guards as may render the said road safe for travel.

2. Where, in such case, the township supervisors erected guards along a dangerous embankment, and the road continued to be travelled, but the supervisors afterwards permitted the said guards to fall into decay and become useless, by reason whereof an accident happened to a person driving along the road, the township is liable for damages in an action brought by the injured party.

February 8th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Writs of error to the Court of Common Pleas of *Delaware county:* Of July Term 1882, Nos. 100, 101.

Case, by William J. McClure against the Township of Aston.

Case, by John Quigley, against the same defendant. Plea, in each case, not guilty.

These were actions to recover damages, in the one case for injuries to a horse and wagon, and in the other for personal injuries to the plaintiff, Quigley, caused by the defective and unprotected condition of a certain road on which the plaintiffs were driving, in the township of Aston.

The cases were tried together, before CLAYTON, P. J., when the following facts appeared:—On the forenoon of August 12th 1881, the plaintiff Quigley and one Robert McClure were driving a horse and wagon belonging to the plaintiff William J. McClure, going from Bridgewater to Rockdale, on business. At the suggestion of Quigley, who was driving, they took the shortest road, which ran for some distance by the side of and some sixteen feet above the track of a railroad. At one point the roadway was not more than eight or ten feet wide, and as they approached this point the horse, which was ordinarily a quiet animal, shied at a large rock on the side of the road and both horse and wagon fell down the embankment. The horse was killed and Quigley was injured, whereupon the present suits were brought against the township to recover damages for said injuries.

The evidence showed that the road was originally a public road, and in 1868 that portion of it on which the accident happened had been appropriated by the Chester Creek Railroad

Company. So much of the road as was actually required for the railroad was cut down to grade, about sixteen feet below the grade of the road, and the railroad company permitted the public to continue to travel over the unused portion of the old road. The supervisors erected guards along the embankment, and notices were posted on the fence or on signboards that the road was "dangerous until repaired." Some two or three years before the said accident occurred the notices and the guards at the point in question had disappeared, and had not been replaced. There was testimony that until within two or three years the township supervisors had taken charge of the road, and when complaints were made to them of its dangerous condition, they promised to make it all right, claiming at the same time, that the railroad company was responsible.

At the time of the accident, proceedings were pending to open a new road in place of the old one.

The defendants presented, inter alia, the following points:—

5. The uncontradicted evidence is that the whole track as now used at that place is within the lines of the land taken possession of by the railroad company, for the use of its road, it was therefore neither the right nor the duty of the supervisors to make and maintain a road at that place, and the township is not liable in this action.

Answer. I affirm that down to the words, "for the use of its road," but I cannot say that they are not liable for the consequences of this accident—not because of their failure to perform that duty, but because they did not shut up the road, and did not use guards to prevent the accident when they knew the road would be used. I therefore decline to affirm that point as stated.

4. If the jury believe that at the place of the accident the Chester Creek Railroad Company in locating their road, had occupied the public road so as to prevent the township from making and maintaining a road for public travel without encroaching upon private property, it was the duty of the railroad company to re-locate the road, paying the necessary damages, and as the said company has not done so, it, and not the township, is liable for the injury done the plaintiff.

Answer. I affirm that point down to the words, "paying the necessary damages." I cannot say that the township is not liable, and that the railroad company would have been liable; we are not trying the railroad company, and it is not necessary to decide whether it will be liable or not.

The plaintiff presented, inter alia, the following point:

1. It was the duty of the supervisors of Aston Township, to keep the road in question in such condition as to be safe and convenient for public passage, and a failure to perform their

[Township of Aston *v.* McClure.]

duty is such negligence and carelessness, as renders the township liable in damages for any loss resulting from such negligence, unless such loss is the result, either in whole or in part, of the negligence of the injured person.

Answer. This is affirmed, if you find as I before stated, that the road was in constant use as a public road, from the time the railroad destroyed the original track, up to the time of this accident. If you find that the supervisors of the township exercised the ordinary care of supervisors over that road, in a word, if you find that they planted at one time guards on that road, and failed to keep them up, I charge you that they are liable, and if you find that those guards would have prevented the injury, I charge you that if they did not intend to accept a road given them by the railroad company, or if they did not intend the public to travel this road as a public road, it was their duty in some way to warn the unwary traveller of that intention. They should have shut up the road, or put up a conspicuous notice, that it was not a thoroughfare, then persons would travel over it at their own risk.

The court submitted to the jury the question of contributory negligence by plaintiffs, and in the general charge, said, inter alia:—" I charge you that if you find that this road has been permitted to be used from the time the railroad took it to the present time, and if the township has supervised that road and permitted the public to travel over it without warning, the township is liable as much as if it was a public road beyond question, and had never been interfered with or destroyed by the railroad company."

Verdict for the plaintiff in each case (for McClure, $230; for Quigley, $750) and judgments thereon. The defendants took these writs of error, assigning for error, inter alia, the answers to points, as above, and the portion of the charge above cited.

*V. Gilpin Robinson* (*John M. Broomall* with him), for the plaintiff in error.—After the road in question had been appropriated and taken possession of by the railroad company, the supervisors had no power and no duty to enter upon or repair it. Such act would have been a trespass. The duty was shifted to the railroad company of closing up the road, or protecting it, if they permitted the public to travel thereon. So much of the road as the township had control of was safe. It being the duty of the railroad company, under the Act of 1849 (Purd. Dig. 1221, pl. 39) to reconstruct the road, they, and not the township, are liable for failure to do so. There cannot be more than one superior responsible at the same time: Painter *v.* Pittsburgh, 10 Wr. 213 ; Borough of West Chester *v.* Apple, 11 Cas.

[Township of Aston *v.* McClure.]

284; Homan *v.* Stanley, 16 P. F. S. 464; D. H. & W. R. R. Co. *v.* Commonwealth, 23 P. F. S. 29; Northern Central R. R. Co. *v.* Commonwealth, 9 Norris 300; Rapho *v.* Moore, 18 P. F. S. 404. The accident occurred in broad daylight, and the plaintiffs saw the danger and took the risk. They thus had as full notice as if the signs of danger, or no thoroughfare, had been up.

*O. O. McClure* and *W. B. Broomall,* for the defendants in error, were not heard by the court. In their printed brief they cited: Bean *v.* Howe, 4 Norris 260; Pennsylvania R. R. Co. *v.* Borough of Irwin, 4 Norris 336; Township of Newlin *v.* Davis, 27 P. F. S. 317; Pennsylvania R. R. Co. *v.* Duquesne Borough, 10 Wright 223; Scott Township *v.* Montgomery, 14 Norris 444; Danville, H. & W. R. R. Co. *v.* Commonwealth, 23 P. F. S. 29; Dillon on Municipal Corporations, section 796; Humphreys *v.* Armstrong Co., 6 P. F. S. 204; Lower Macungie Twp. *v.* Merkhoffer, 21 P. F. S. 276; Hey *v.* Philadelphia, 31 P. F. S. 44; Borough of Pittston *v.* Hart, 8 Nor. 389.

Chief Justice MERCUR delivered the opinion of the court, February 19th 1883.

These cases were argued together. They present the same question of liability. The injuries were produced by the dangerous condition of the road kept open by the township authorities. It is true the part in question was within the limits of the ground condemned by the Chester Creek Railroad Company, but outside of the portion actually occupied by the railroad. The track of the latter was on a lower grade than the wagon road. They were separated by a bank almost perpendicular, and about sixteen feet in height. The railroad was constructed some fifteen years ago. For many years the wagon road was protected by a guard or railing placed on the top of this bank by the township authorities. It had been suffered to fall into decay for a few years prior to the injuries in these cases. During all this time the township had suffered the wagon road to remain open and to be used as a link in the public highway. It was of narrow width and un-protected on the side next to the railroad. In thus maintaining this wagon-road as a public highway, the township held it out as such, and invited the public to so use it. It is now claimed that the township is not liable inasmuch as the railroad company should have reconstructed the public road forthwith on taking the old road. It is true the Act of 19th February 1849, does impose such duty on the railroad company, and it was subject to indictment for omitting and neglecting so to do: Pittsburgh, Virginia & Charleston Railway Co. *v.* Common-

[Velott *v.* Lewis.]

wealth, 5 Outerbridge 192.   The same case holds that the rail-road company could be compelled by bill in equity to perform its duty in reconstructing, or the township might rebuild the road and collect the cost thereof from the corporation : Pennsylvania Railroad Co. *v.* Borough of Irwin, 4 Norris 336 ; Bean *v.* Howe, Id. 260.

If the township had ceased to recognize this portion of the road as a public highway and to invite its use as such ; if it had erected any barrier whereby the public use thereof was denied or repudiated, the township might have been relieved from liability.   The township officers could not of their own action alone, build another road on new ground, and the township is not liable by reason of their not doing so.   The liability arises from their keeping open, using, and maintaining, as a public highway, this dangerous road.   While the railroad company was derelict in the discharge of its duty, the township was also guilty of negligence, and liable to respond in damages to the persons injured by reason thereof.

Judgments affirmed in each case.