## SAMUEL D. NEWELL vs. NEWTON SMITH.

The plaintiff sold the defendant a cow, for which he was to pay one hundred dollars if she was with calf and forty dollars if she was not. Six months later both parties concluded that she was not with calf, and in settling another matter in which the plaintiff was to pay the defendant fifty dollars, he turned in the cow at forty dollars and paid ten dollars in cash. Afterwards the cow proved to have been with calf at the time of the sale. Held that the plaintiff was entitled to recover the remaining sixty dollars for her.

[Argued May 19th—decided August 28th, 1885.]

ACTION to recover for a cow sold; brought by appeal from the judgment of a justice of the peace, to the Court of Common Pleas of Hartford County, and tried to the court before *Bennett, J.* The court found the following facts :—

On the 18th of October, 1883, the defendant bought of the plaintiff two Jersey cows—one known as "Kittina" and the other as "Colt's heifer." For the cow Kittina he agreed to pay $100 if she proved to be with calf at the time of the purchase, but if she was not he was to pay but $40. Payment was to be made within a reasonable time. For Colt's heifer the defendant agreed to pay, and did pay, $202.50. At the time of the purchase the plaintiff believed that she was forty per cent. of the blood of Albert 44, and so represented to the defendant. Several months afterwards the defendant found that the heifer was not forty per cent. of the blood of Albert 44, but much less. He communicated his knowledge of this to the plaintiff, and it was agreed between them that the plaintiff should pay the defendant $50 damages because of the defect in pedigree. The plaintiff and defendant met on the 16th of April, 1884, and then they agreed that the $50 should be paid by turning in the cow Kittina at $40, and the payment of $10 in money by the plaintiff, which he then paid to the defendant.

Previously to the date of this agreement the plaintiff had twice looked at the cow Kittina to see if she was with calf, the last time being in the latter part of March, and as a result of his examination he believed she was not with calf. And at the date of April 16th both the plaintiff and defendant believed she was not with calf, and in making the agreement of that date both acted upon that belief. The cow however on the 28th of June, 1884, dropped a calf, two hundred and fifty-four days after the date of the purchase. It was in evidence that the length of pregnancy with cows is about two hundred and eighty-three days.

The plaintiff having learned that she had dropped a calf, made demand of the defendant on the 21st of July for the payment of the $60, which he claimed was due him by the

terms of the original sale. The defendant replied in substance that the agreement of April 16th was a full settlement between them.

According to the testimony on the trial given by both plaintiff and defendant of the terms of payment for the cow Kittina, that payment was not due on April 16th.

The proposal of the plaintiff providing for the payment of the $50, as communicated to the defendant, contained no reservation covering the contingency of her having a calf, in which event the plaintiff would then be entitled to receive from the defendant the full sum of $100.

The plaintiff was not led into the agreement relying upon any representations made by the defendant.

The court finds upon the above facts that the agreement of April 16th was a full settlement of the respective claims of the plaintiff and defendant, and that there is nothing due to the plaintiff on the sale of the cow Kittina.

The court having rendered judgment for the defendant, the plaintiff appealed to this court.

*J. J. Jennings*, for the appellant.

*F. L. Hungerford*, for the appellee.

GRANGER, J. The plaintiff sold the defendant a Jersey cow called " Kittina " and a Jersey heifer called " Colt's heifer " on the 18th of October, 1883. For the cow the defendant agreed to pay $100, if she should prove to be with calf; but if she was not he was to pay but $40. The heifer was honestly represented by the plaintiff to be of a certain pedigree, but proved to be of less pure blood, and the defendant claimed $50 damages, which the plaintiff admitted that he was entitled to; and on the 16th of April, 1884, the parties met and agreed that the $50 should be paid by turning in the cow Kittina at $40 and paying $10 in cash, which sum the plaintiff then paid to the defendant.

At this time both parties were satisfied that the cow was not with calf, and that therefore under the original contract

the plaintiff was entitled to only $40 for her, and in making the settlement both parties acted on that belief. It proved however that she was with calf, and had been at the time she was sold, as she had a calf on the 18th of the following June.

The defendant claims that the settlement was a full and final one of the whole matter of the purchase, and that the plaintiff is not entitled to the $60 additional which he was to have had by the original contract if the cow was then with calf. The plaintiff claims that the settlement was made under a mutual mistake as to the condition of the cow, and that he may now fall back on the original contract and recover the $60.

It is clear that the settlement was merely of the $50 damages claimed by the defendant, and assented to by the plaintiff, for the failure in pedigree of the heifer. In paying that $50 the cow Kittina was turned in at the price which by the original contract the plaintiff supposed he was bound to accept, and which the defendant supposed was all that by that contract he was bound to pay. The case does not stand differently from what it would if the defendant had paid the plaintiff the $40 in cash, under the mistake of both parties as to the cow's condition. As soon as the mistake was discovered the defendant would be bound to correct it, by paying the remaining $60. If the settlement had been in writing and made in terms to cover the whole matter, yet, being made under a mistake of both parties as to an important fact, it could have been corrected.

The plaintiff is clearly entitled to recover the $60 remaining unpaid for the cow.

There is error in the judgment, and a new trial is ordered.

In this opinion the other judges concurred.