# Pittsburgh, Chartiers, & Youghiogheny R. Co., Plff. in Err., *v.* William Moses.

Where a railroad company takes possession of a highway, making a cut therein for its track, and lays out a new highway in place thereof, it is the duty of the company to erect proper guards for the protection of travelers, and maintain the same during the construction of the new road and for a reasonable time thereafter; and to shut off access to the old road long enough to enable the traveling public to become acquainted with the change.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 1, Allegheny County to review a judgment for plaintiff in an action to recover damages for personal injuries. Affirmed.

The Pittsburgh, Chartiers, & Youghiogheny Railway Company, in extending its connections, found it necessary, in July, 1883, to build a track from its main line to the Ohio river, in Allegheny county. On the edge of the river bank was an old road, claimed by defendant in error to be a township road, but claimed by the company to be a roadway for the use of the tenants of certain farms in the neighborhood. The old roadbed was cut across diagonally by the company for its track, but, prior to such cutting, the company built a new road for the use of the public on its own land and at its own cost. On the night of August 31, 1883, Moses, the defendant in error, passed up to the new road and following it a short distance left it, passing to the old road, which he followed until he reached the cut, into which he fell and was injured.

Moses thereupon brought suit against the company to recover damages for his injury, alleging that it had been caused through the negligence of the company in leaving the cut in the old highway unprotected. The trial resulted in a verdict for the plaintiff, Moses, and from the judgment rendered thereon the defendant, the railway company, now prosecutes this writ of error.

*J. G. MacConnell,* for plaintiff in error.—This court, in the case of Aston Twp. v. McClure, 102 Pa. 322, says: "Where a railroad company appropriates the entire width of a public road for its track, but actually uses only a portion thereof, leaving the remainder open for travel, but in a dangerous condition,

it is the duty of the township supervisors, either to fence off the dangerous portion, so that the public cannot travel thereon, or else to erect and maintain such guards as may render the said road safe for travel."

The rule bearing upon this question seems to have been, as we thought, well settled, and is this: That an owner of land is under no obligation to fence an excavation on his land, unless it is so near the highway as to amount to a public nuisance; and if persons and animals are killed or injured in consequence of his failing to do so, no damages can be recovered. Bush v. Brainard, 1 Cow. 78; Howland v. Vincent, 10 Met. 373; 43 Am. Dec. 442; Hounsell v. Smyth, 7 C. B. N. S. 731; Binks v. South Yorkshire R. & River Dun Co. 3 Best & S. 244; Hardcastle v. South Yorkshire R. Co. 4 Hurlst. & N. 67; Vale v. Bliss, 50 Barb. 358; Robbins v. Jones, 15 C. B. N. S. 221; Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684.

When the excavation is 24 feet from the footway there is no liability, although the intermediate space has been obliterated by persons traveling over it. Binks v. South Yorkshire R. & River Dun Co. 3 Best & S. 244.

The owner of property is not liable to a trespasser, nor to one who is on it by mere permission or sufferance, for negligence of himself or servants, or for that which would be a nuisance in a public street or common. Gillis v. Pennsylvania R. Co. 59 Pa. 129, 98 Am. Dec. 317; Gautret v. Egerton, L. R. 2 C. P. 371; Holmes v. North Eastern R. Co. L. R. 4 Exch. 254.

Where the owner of land, in the exercise of lawful dominion over it, makes an excavation thereon, which is such a distance from the public highway that the person falling into it would be a trespasser upon the land before reaching it, the owner is not liable for an injury thus sustained. Gramlich v. Wurst, 86 Pa. 74, 27 Am. Rep. 684.

An owner of land made an excavation therein within a foot or two of a public street, and used no precaution against the danger of falling into it. A person passing in the nighttime went over the line of the street, fell into the excavation, and was injured. It was held that the owner of the land was not liable to an action for the injury thus caused. Howland v. Vincent, 10 Met. 371, 43 Am. Dec. 442.

A railroad company is entitled to the exclusive use of its grounds, except at lawful crossings of public and private ways.

In making excavations within its right of way, which is apart from a public or private way, it is not guilty of negligence in not guarding them against persons who voluntarily or negligently come upon the right of way and are injured by reason of the excavation.   Omaha & R. Valley R. Co. v. Martin, 16 Rep. 22, 14 Neb. 295, 15 N. W. 393.

The defendant in error was a trespasser upon the land of the plaintiff in error as soon as he left the new road, and, being such, he took all the risk upon himself when he left the road.   2 Redf. Railways, 193, 194; Mayne, Damages, 44; Pierce, Railroads, 285; Cleveland, C. & C. R. Co. v. Terry, 8 Ohio St. 570; Birge v. Gardiner, 19 Conn. 507, 50 Am. Dec. 261; Bird v. Holbrook, 4 Bing. 628; Brown v. Lynn, 31 Pa. 510, 72 Am. Dec. 768; Catawissa R. Co. v. Armstrong, 52 Pa. 282.

The principle of law which requires the exercise of reasonable care to avoid doing injury to others requires also the exercise of reasonable care to avoid being injured by the negligence of others, and, as a general rule, one cannot recover compensation for an injury occasioned by the mere negligence of another, which he might have avoided by the exercise of reasonable care. If the injury would not have happened to him but for his own want of ordinary care, he cannot legally charge to the negligence of another party the consequences of his own negligence. Cooley, Torts, 346; Addison, Torts, § 261; Shearm. & Redf. Neg. § 109; Quinby v. Woodbury, 63 N. H. 370.

In the case of Scranton v. Hill, 14 Pittsb. L. J. 79, this court uses this language: "It follows, therefore, that in purposely leaving the public highway as he did, he took upon himself the risk of every danger that beset his path; at least, the city owed him no duty of protection in his voluntary effort not to follow the street, but to leave it in search of the footpath through private property, over which the municipal authorities had no control whatever."

*D. T. Watson,* for defendant in error.—Where a railroad company is authorized by its charter to divert the location of a highway, when this is necessary in the construction of its road, the right must be exercised with due regard to the public safety; and the company will be liable for injuries sustained by travelers on the highway by reason of its negligence in not erecting proper barriers to guard them where such travelers are not in

fault themselves. Wharton, Neg. § 819; Oliver v. Northeast-ern R. Co. L. R. 9 Q. B. 409; Potter v. Bunnell, 20 Ohio St. 150; Atlanta & R. Air Line R. Co. v. Wood, 48 Ga. 565.

In Potter v. Bunnell it is said: "In regard to the exercise of admitted rights, . . . the rule is briefly stated in Veazie v. Penobscot R. Co. 49 Me. 119, *viz.:* 'The right to make the cut did not give the right to do it without due regard to the public safety, and that required that all proper guards should be erected and continued whenever there was danger of injury to any person by reason of the cut.'"

OPINION BY MR. JUSTICE GREEN:

It seems to us the learned court below defined with great care and perfect accuracy the limitations of the defendant's liability. The company had constructed a new road to take the place of an old one in use for many years. It was mooted whether the old road was a public or a private road, and that question was left to the jury with proper instructions, and of this there is no complaint. The jury found that the road was a public road, used by prescription for more than twenty-one years, and there was sufficient evidence to sustain this finding.

That the defendant had occupied a portion of it and made a cut through it some 12 feet in depth was undisputed. That a new road was substituted for the old one or, at least, a part of it, and was finished about six weeks before the accident was also fully proved and may be regarded as an established fact.

The question whether the plaintiff was guilty of contributory negligence was also very carefully submitted to the jury with proper explanations, and was found in favor of the plaintiff. There was sufficient testimony to sustain this finding, if believed by the jury, and the question of credibility was, of course, exclusively for them.

But one question remained, and that was whether the defendant was guilty of negligence in not properly guarding the cut across the old road.

The learned judge charged the jury that, if the defendant made a new road, it was its duty to erect proper barriers to protect persons from falling into the cut, and to maintain them for a reasonable time after the new road was finished.

The court did not assume to say that the duty of maintaining the barriers remained with the defendant continuously or in-

definitely, but only for a reasonable time after the new road was finished. It seems to us this is a correct statement of the law applicable to such a case. Certainly, in the first instance, this duty rested upon the company. When the cut across the old road was made, and the new road was being constructed, it was the undoubted duty of the defendant to erect and maintain the proper guards.

The jurisdiction of the supervisors would not attach at any time earlier than the completion of the new road and notice to them to that effect.

In view of the fact that it is a public road that has been changed, and that very many persons who do not necessarily know of the change may have occasion to pass that way, it is proper that the duty of maintaining the barriers to protect travelers from falling into the cut should rest upon the persons who have made the cut, for a reasonable time after the completion of the substituted road.

Nor can we say that a period of six weeks is an unreasonable time for the continuance of that duty. It was a very simple matter to erect such barriers as would be an ample protection to travelers while the change was being made, and the duty of subsequent protection would be discharged by the mere continuance of such barriers.

Some time must necessarily elapse before the general public would become acquainted with the change, and it would be perfectly natural for a traveler, knowing the course of the old road and not knowing of the new one, to take the old road at the point where the new one diverged unless the passage of the old one was blocked by suitable obstructions.

In such circumstances the ordinary authorities, to the effect that a man is not bound to protect excavations on his own land from accidents to trespassers, are not applicable. The case of Aston Twp. v. McClure, 102 Pa. 322, is not in point. There only a part of the width of the old road was occupied for the railroad, and the supervisors permitted the remaining part, reduced to a very narrow road, to be used by the public without protecting the precipitous side by a railing or other safeguard. This was negligence in the township. Here a new road was substituted and the old one no longer used, and it may be questioned whether the duty of shutting off access to the old road at the point of divergence does not permanently reside with the de-

fendant, since the old road no longer comes within the jurisdiction of the supervisors.

Certainly that duty continued long enough to enable the traveling public to become acquainted with the change. In Wharton on Negligence, § 819, it is said: "When a railroad company is authorized by its charter to divert the location of a highway, when this is necessary in the construction of its road, the right must be exercised with due regard to the public safety; and the company will be liable for injuries sustained by travelers on the highway by reason of its negligence in not erecting proper barriers to guard them, where such travelers are not in fault themselves."

In Potter v. Bunnell, 20 Ohio St. 150, it is said: "In regard to the exercise of admitted rights . . . the rule is briefly stated in Veazie v. Penobscot R. Co. 49 Me. 119, *viz.:* 'The right to make the cut did not give the right to do it without due regard to the public safety, and that required that all proper guards should be erected and continued whenever there was danger of injury to any person by reason of the cut.'" See also Oliver v. North Eastern R. Co. L. R. 9 Q. B. 409; Atlanta & R. Air Line R. Co. v. Wood, 48 Ga. 565.

The assignments of error are all dismissed.

Judgment affirmed.