## Grogan *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Fences—Trespassers.*

It is not the duty of a railroad company which owns real estate abutting on a street or highway, to construct or maintain a fence sufficiently strong and adequately safe, to provide against a contingency arising by reason of a crowd of trespassers coming upon the property inclosed, and pushing the fence over on a person walking on the street; and this is the case although some of the trespassers were employees of the railroad company.

BROWN, MESTREZAT and POTTER, JJ., dissent.

Argued Oct. 24, 1905. Appeals, Nos. 59 and 60, Oct. T., 1905, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 460, on verdict for plaintiff in case of Patrick and Mary Grogan v. The Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for Mary E. Grogan for $3,000 and for Patrick Grogan for $485. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* for appellant.

*F. C. McGirr,* with him *John Marron,* for appellee, cited : Schilling v. Abernethy, 112 Pa. 437 ; Shearman & Redfield on Negligence, 5th ed., sec. 39 ; B. & O. R. R. Co. v. Sulphur Springs Independent School Dist., 96 Pa. 65 ; Scott v. Hunter, 46 Pa. 192 ; Herr v. City of Lebanon, 149 Pa. 222.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

There can be no recovery of damages in this case without announcing the rule, that it is the duty of the owner of real estate abutting on a street or highway, to construct and maintain a fence sufficiently strong and adequately safe, to provide against a contingency arising by reason of a crowd of trespassers coming upon the property inclosed and pushing the fence over on a person walking on the street.

The defendant is the owner of a tract of land abutting on Carson street in the city of Pittsburg around which it caused a fence to be erected, one part of which is near the property line which divides the lot inclosed from the street named. The fence was built for the use and protection of the defendant. In the building of the fence it owed no particular duty to any one. Whether it was six feet high or three ; whether it was built of stone, boards or iron, were matters entirely within the discretion of the defendant, and about which the plaintiff and the public had no concern. The defendant was ordinarily under no duty to build a fence of any particular degree of strength or indeed to build a fence at all. On the principle, however, that no one can use or maintain his property in such a dangerous or unsafe condition as to endanger the life, limb or property of others, the defendant was under the duty of maintaining its fence strong and safe enough to resist such forces or conditions as should have been foreseen by ordinary forecast.

In McGrew v. Stone, 53 Pa. 436, Mr. Justice AGNEW stated the rule in the following language :

" The general rule is that a man is answerable for the consequences of a fault which are natural and probable and might therefore be foreseen by ordinary forecast, while it is true that if his fault happened to concur with something extraordinary and therefore not likely to be foreseen he will not be answerable for the unexpected results."

Again, Mr. Justice Strong in Phila. & Reading Railroad Co. v. Hummell, 44 Pa. 375, said:

" It is true that what amounts to ordinary care under the circumstances of a case is generally to be determined by the jury, yet the jury cannot hold parties to a higher standard of care than the law requires and they cannot find anything negligence which is less than a failure to discharge a legal duty."

We concede that under ordinary circumstances it would be for the jury to determine whether the defendant used proper care in the construction and maintenance of the fence. But the defendant company did not owe a legal duty to the plaintiff or any one else to construct and maintain the fence so strong that a crowd of trespassers, wrongfully coming upon its land, could not push it over and thus cause the injury complained of. There can be no negligence in a legal sense, unless there is a violation of the legal duty to exercise care.

In the present case the inquiry is, were the consequences such as should have been foreseen by ordinary forecast and provided against? It was not the duty of the defendant company to foresee and provide against the contingency of forty or fifty trespassers coming upon its land for the purpose of witnessing an arrest by a police officer in the public street, and, while thus gratifying their idle curiosity, climb upon, lean against and push over the fence, causing the injury for which damages are sought to be recovered. This is a higher standard of care than the law requires, and it is the duty of the court to say so.

In this case the defendant stands in the same position as every other owner of real estate.. Its rights, duties and liabilities are no greater and no less. The rule established in this case will apply, not to common carriers as such, but to the real estate owners of the commonwealth.

It is conceded that the accident would not have occurred except for the fact that a crowd of forty or fifty persons, with-

out authority, came upon the land of the defendant, climbed upon or leaned against the fence so that it gave way and injured one of the appellees who was walking on the street below. The direct cause of the accident was the negligent act of these trespassers, which under the law it was not the duty of the defendant to provide against.

The contention that some of these trespassers were employees of the defendant and that their negligent acts can be visited upon the company is without merit. Their duties as employees did not call them to climb upon, or to lean against the fence, or to be at that place in the performance of their work. In these respects they acted entirely outside of their duties as employees and were trespassers as much as the other persons assembled in that crowd.

Our attention has been called to a number of cases relating to questions of concurrent negligence and proximate cause, cited by the learned court below and relied upon by counsel for appellees here. We do not deny the doctrine of these cases, but they apply only where negligence by the defendant is established. If no negligence by the defendant is shown, questions of concurrent negligence and proximate cause do not arise.

Assignments of error sustained, judgment reversed, and it is now ordered that judgment be entered in the court below for defendant.

BROWN, MESTREZAT and POTTER, JJ., dissent.