His Honor, CHARLES P. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
, This is a suit against a surety. The defense is that it is discharged by reason of the failure .of plaintiff to ex-excise his right of acting against the principal within a reasonable time after it accrued, thus allowing the principal’s property to diminish in value to such an extent as to- render its recourse against him of no avail.
Plaintiff’s allegations .are that the defendants Conrad B. Fisher, and others, trespassed upon lands belonging to plaintiffs and there cut timber belonging to- them; that in order to fix the amount of plaintiffs’ claim .against the defendants it was agreed between them that a joint survey and enumeration should be made of petitioner’s lands and of the number of trees cut thereon by the defendants by surveyors selected by both parties; that the report of these surveyors would be binding on both parties, and that said timber should be returned in kind or be paid for at the rate of nine dollars per 1000 feet; that the joint survey was made and a report returned by whicn it appeared that the defendants had cut 157,226 feet which at $8.00 per thousand aggregate $1,415.00 in value.
Petitioners further averred that in order to secure the performance of said obligation the said defendants fur *87 nished the Interstate Casualty Company as surety; that they have made demand of the defendants, Conrad B. Fisher and of said surety, who have failed to make payment, wherefore they pray for judgment against them for-$1415.00.
The Interstate Casualty Company admitted signing the bond but denied any liability on the ground that according to the agreement above mentioned the survey and estimate provided therein were to be made and completed within sixty days and the settlement made within sixty days thereafter; that the survey was made on November 11th, 1911, and that no notice thereof was given to it until January 24th, 1913, that no steps were taken by the plaintiffs until that time to compel the defendants to deliver to them green timber or to pay the amount of the award; that the price of green timber on November 11th, 1911, was five dollars per thousand, but had gone up to $7.50 in 1913, and that between November 11th, 1911, and January, 1913, the defendants had lost all their .property by fire and seizures and other calamities; that by their laches and inaction plaintiffs had caused •damage and had put it out of their power to subrogate defendants to their rights, and they were therefore discharged.
There was judgment for plaintiffs and the defendant, sureties, have appealed. We think the judgment of the District Court is correct.
The record shows no act of plaintiffs whereby the surety’s rights to a subrogation might have been affected, unless their forbearance to sue might be construed to have that effect. But it has been decided that the mere *88 forbearance or delay of a creditor to enforce his rights against the principal does not release the surety.
16 La., 136; 4 R., 420; 2 A., 188; 3 A., 675 (681); 18 A., 652; Case vs. Sarpy, 28 A. N. R.; 31 A., 736; 45 A., 814 (831).
In the case of Phar vs. McHugh, et al., 32 A., 1280, the plaintiff had advanced the defendant $4,000 to purchase supplies necessary for the cultivation of a crop. The debt was represented by a note of McHugh and Vinson and was signed also by Sanders and Stout as sureties in solido, and was secured by a privilege on the crop of the year with an obligation to ship it to the plaintiff. In the suit to enforce payment against the makers and the sureties the latter pleaded that the plaintiff had a privilege upon the crop which had exceeded 100 hogsheads of sugar and 150 barrels of molasses worth more than the amount of the note sued on; that plaintiff had permitted the crop to be taken away “whereby ki,s right of subrogation to all of plaintiff’s securities was lost and destroyed,” and the sureties released. The Supreme Court said: “The inaction or mere failure in this regard did not constitute such act as would release the sureties,’’ quoting 28 A., and 29 A., 844.
In Hill vs. Bourcier, et al., 29 A., 841, the plaintiff, a lessor, sued the lessee and her surety. The defense of the surety was that the plaintiff had failed to enforce his privilege on the furniture by seizing it and thus prejudiced his right of subrogation and discharged him. The Court said:
“Jurisprudence has settled the law that the surety is not discharged by the mere omission of the creditor to sue the principal or to enforce his privilege?’
*89 In the case of Parker vs. Alexander, 2 A., 188, the Supreme Court .said:
“The plaintiff permitted several months to elapse without proceeding against her tenants for the collection of rent, and when she commenced her suit the effects upon which the law established a privilege in her favor had been removed beyond her reach. In order to preserve her recourse against her surety, it was not indispensable that she should have enforced her privilege against the lessee; it was sufficient that she had done no act which destroyed .or impaired tile privilege, or would have prevented her, at any moment from subrogating the surety to the full right accorded to her by law. The surety is not discharged by the mere omission of the creditor to enforce or preserve a privilege. To produce that effect, the creditor must do some .act, by which the subrogation can no longer be operated in favor of the surety.”
The correctness of the above decisions is more apparent when applied to .an ordinary creditor as in this case.
4 Dalloz Codes An., p. 1155, No. 134; 25 Demol. No. 650; 4 Aubry & Rau, p. 698; Troplong Caution, p. 515, No. 568; 21 Baudry-Lac., p. 56D; 7 Toullier, p. 243, 172; Pothier Oblig., No. 406, p. 305.
Article, 3057 of the Civil Code provides:
“A surety may, even before making any payment, bring suit against the debtor to be indemnified by him: 1st * * * 2nd. * * * 3rd. * * * 4th. When the debt has become due by the expiration of the term for which it was contracted.”
The surety cannot charge the creditor with.fault for abstaining to do an act which it was in his power to do *90 .and which he did not do. The loss, if he suffered any, is as much his fault if fault there :be as that of the creditor, and he cannot take advantage of his own fault.
Opinion and decree, December 6th, 1915.
Rehearing refused, January 17th, 1916.
Writ denied, February 23rd, 1916.
3 A., 674.
The judgment is accordingly affirmed.
Judgment affirmed.