## Hildebrand, Appellant, *v.* Director General of Railroads.

*Negligence—Railroads—Unguarded wall along bank of stream—Attractive nuisance—Trespasser—Contributory negligence—Case for court.*

1. Where a person is injured in a place where he has no right to be, and the owner is using his property in a lawful manner for a lawful purpose, the owner is not liable unless wantonness or wilfulness is shown. He is not bound to keep his premises in a suitable condition, and, as against trespassers, he need not take any of the ordinary precautions to safeguard places on his property.

2. Where a railroad company constructs a retaining wall on its own property along the bank of a stream, without constructing a

barrier to safeguard persons from falling over the wall into the stream, it is not liable for injuries to a pedestrian, familiar with the locality, who on a dark night wandered from a cement sidewalk, onto the company's property, which was covered with cinders, and, after walking fifteen feet, fell over the wall into the stream.

3. Where there are natural conditions on a landowner's land containing elements of danger, eight feet from the footwalk of a public highway, the owner is not negligent in not erecting guards. If they immediately joined the highway it would be different.

4. The attractive nuisance cases have no application to the facts of this case.

Argued February 28, 1921. Appeal, No. 31, Oct. T., 1921, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 35, for defendant n. o. v., in case of Samuel A. Hildebrand v. Walker D. Hines, Director General of Railroads. Before Moschzisker, C. J., Frazer, Walling, Sadler and Schaffer, JJ. Affirmed.

Trespass for personal injuries. Before Carpenter, J. The opinion of the Supreme Court states the facts.

At the trial the jury returned a verdict for $9,000. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was above judgment, quoting record.

*Edmund K. Trent,* of *Prichard & Trent,* for appellant. —The case was for the jury: Duffy v. Sable Iron Works, 210 Pa. 326; Gramlich v. Wurst, 86 Pa. 74; Hydraulic Works Co. v. Orr, 83 Pa. 332; Fitzpatrick v. Penfield, 267 Pa. 573; Beck v. Carter, 68 N. Y. 283; Thompson v. R. R., 41 N. Y. App. Div. 78; Crogan v. Schiele, 53 Conn. 186; St. Louis & S. F. Ry. v. Ray, 165 Pac. 129; Rachmel v. Clark, 205 Pa. 314.

*A. T. C. Gordon,* of *Gordon & Smith,* with him *F. B. Ingersoll,* for appellee.—There was no duty on appellee to erect a fence or barrier along the natural bank of a stream on its own land and its failure to do so does not

88 HILDEBRAND, Appel., *v.* DIRECTOR GEN. OF R. R.

constitute negligence on its part: Thompson v. B. & O. R. R., 218 Pa. 444; Fitzpatrick v. Penfield, 267 Pa. 564; Gramlich v. Wurst, 86 Pa. 74; Horstick v. Dunkle, 145 Pa. 220; Gillespie v. McGowan, 100 Pa. 144; Mineral City v. Gilbow, 81 Ohio St. 263; Knapp v. Doll, 180 Ind. 526; Danack v. R. R., 59 N. J. L. 415; Collins v. Decker, 120 N. Y. App. Div. 645; Johnson v. Laundry Co., 122 Ky. 369.

OPINION BY. MR. JUSTICE SCHAFFER, March 21, 1921:

Plaintiff, who appeals from a judgment entered against him after a verdict in his favor, alighted from a trolley car, on a dark, foggy night, and was walking along Grant Avenue, in the borough of Etna, toward his home, when he received the injuries to recover damages for which this action was brought. To reach his destination, he had to cross the tracks of the Baltimore and Ohio Railroad, at grade, and a highway bridge directly beyond them, which carries Grant Avenue over Pine Creek, a stream flowing fifteen or more feet below the bridge. The distance from the place where he alighted to the bridge is approximately fifty feet and, in traversing it, had he kept within the street lines he would have walked first on the paved roadway of the street to which he stepped from the car, then on a cement sidewalk until he reached the railroad tracks, where there was a planked crossing, and, after crossing the tracks, upon another cement sidewalk, which would have carried him to the edge of the bridge, where the footway was again of plank. Instead, however, of keeping within the street lines and on the sidewalk provided for pedestrians, after traversing the planked crossing of the railroad and stepping on the cement pavement between it and the bridge, he missed his way, owing to the darkness and fog and to the fact that an electric light maintained by the borough in the vicinity of the bridge was not lit, and stepped off the cement walk, onto a triangular piece of ground, covered with cinders, belonging to the defendant, bound-

ed by Grant Avenue, the railroad tracks and Pine Creek. He walked on this piece of ground, which was some two inches lower than the cement pavement, until he reached a stone retaining wall, constructed by the railroad company along the bank of the stream, the top of which was at the same level as the cinder covered lot, and fell a distance of fifteen feet into the bed of the creek, sustaining serious injuries.

The railroad company had erected no fence or other barrier to safeguard persons from falling from the wall down the declivity, although at its nearest point the wall was but eight feet away from the cement walk. Plaintiff does not claim that he traversed only eight feet from the cement sidewalk until he fell.  It is certain that he covered more than this space, because he walked from somewhere near the point of the triangle to its opposite side, and, when he stepped off the cement, in order to reach the spot from which he fell, he had to travel not parallel to, but at an angle from, the sidewalk, to avoid a telegraph pole erected within a foot or two of the pavement and close to the bridge, so that, although he could not give the exact number of steps he took after leaving the cement walk it is reasonable to conclude that he must have traveled at least fifteen feet.  Plaintiff was thoroughly familiar with his surroundings, having used the street and bridge for four years on his way to and from work.  He contends that to permit this unguarded declivity to exist on the defendant's land in such close proximity to the highway was negligence entitling him to receive damages for his injuries at the defendant's hands. Notwithstanding the able presentation of this case by plaintiff's counsel we are forced, in view of established legal principles, to conclude that the conditions which the defendant permitted to exist on its land were not, as between it and plaintiff, negligent.

The creek existed, of course, before the highway or the railroad, and its steep bank at its present distance from the highway had been one of the natural features of the

ground in the locality; whether the construction of the retaining wall increased the danger, the testimony does not disclose; the pleadings do not allege that it did. So we have a natural condition on the defendant's land, containing elements of danger, eight feet from the foot-walk of a public highway; no case called to our attention, and none which our own research has produced, badges such a condition, under the circumstances disclosed by the evidence, as negligent.

The rule, as to responsibility of a landowner to passers-by for excavations or other dangerous conditions on his property, deducible from a review of the authorities in this and other jurisdictions, is stated in our own case of Gramlich v. Wurst, 86 Pa. 74, where, quoting from Hardcastle v. South Yorkshire Railway Co., 4 Hurl. & Nor. 67 (2 Bohlen's Cases on Torts 199), possibly the recognized leading case on the subject, we said: "When an excavation is made adjoining to a public way, so that a person walking on it might, by making a false step, or being affected with sudden giddiness, fall into it, it is reasonable that the person making such excavation should be liable for the consequences. But when the excavation is made at some distance from the way, and the person falling into it would be a trespasser upon the defendant's land before he reached it, the case seems to me to be different." This principle is carried through all our cases, its latest recognition being by our Brother KEPHART, speaking for the court in Fitzpatrick v. Penfield, 267 Pa. 564, 571, as follows: "There is no liability for injury to such person [a trespasser] (except for wantonness); the owner owes no duty, either to an adult or a child of tender years, and because of the absence of a relation which imposes a duty there is no right of action. The underlying principle of the law in such cases is that the injured person was where he had no right to be; the owner was using his property in a lawful manner for a lawful purpose, and, unless wantonness or wilfulness be shown, the owner is not liable.

He is not bound to keep his premises in a suitable condition, and, as against trespassers, he need not take any of the ordinary precautions to safeguard places on his property." The principle just stated was upheld in Thompson v. B. & O. R. R. Co., 218 Pa. 444, in this language, "The law fully recognizes the right of him, who, having dominion of the soil, without malice, does a lawful act on his own premises and leaves the consequences of an act thereby happening where they belong, upon him who has wandered out of his way, though he may have been guilty of no negligence in the ordinary acceptation of the term." In Horstick v. Dunkle, 145 Pa. 220, the unfenced pond into which the plaintiff's runaway horse carried him was fifteen feet from the highway and it was held there was no liability upon the landowner to respond in damages.

In the present case, the landowner could not be held to a foresight which would take into account that a traveler on a cement sidewalk, provided for the very purpose of affording him safe and comfortable passage, would step from this way, out of his line of travel, and, even unintentionally, trespass upon the adjoining land; no duty to provide safeguards for such an unexpected act could arise, and there being no duty there can be no liability. This case is not one where a single misstep might bring the pedestrian into danger from a condition created by the landowner directly alongside the public traveled way; here the claimant of damages left the hard surface of a cement pavement and walked at least fifteen feet on a cinder surface, which, if he had been alert, being familiar, as he was, with the surroundings, from daily passing for several years over this very piece of pavement, he would have recognized instantly as not being within the street lines. We are not unmindful of the child-injury cases in and near highways such as Hydraulic Works Co. v. Orr, 83 Pa. 332; Rachmel v. Clark, 205 Pa. 314, and Duffy v. Sable Iron Works, 210 Pa. 326, and without considering how much, if any, their authority may have

been weakened by later cases, particularly by Thompson v. B. & O. R. R. Co., 218 Pa. 444, it is sufficient to say that recovery in them was sanctioned by another principle, not applicable to the case in hand, that of dangers attractive to children. The court below was right in entering judgment for defendant.

The judgment is affirmed.