## Rasmus *v.* Pennsylvania Railroad Company et al., Appellants.

Argued March 8, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*William A. Valentine,* with him *Thomas Byron Miller* and *John H. Hibbard,* for Pennsylvania Railroad Company, appellant.

*Peter Kanjorski,* City Solicitor, with him *Bruno Kanjorski* and *John A. Gallagher,* for City of Nanticoke, appellant.

*T. G. Wadzinski,* for appellees.

OPINION BY HIRT, J., July 15, 1949:

In this trespass action the jury assessed the minor-plaintiff's damages for personal injury at $2,500, and found for the boy's father in his own right in the sum of $1,508.10. The verdicts are against both defendants and rest upon a finding that they were concurrently

negligent. It is not suggested that the verdicts are excessive. These appeals are from the refusal of the lower court to enter judgments for the defendants n. o. v. It is contended that neither defendant is chargeable with negligence and that in any view, plaintiffs' proofs do not make out a case free from contributory negligence. The judgments as entered on the verdicts will be affirmed.

About 4:00 p.m. on May 1, 1945, Alvin Rasmus, the minor-plaintiff, with a companion, was on his way to his home from school by the shortest route. It was raining. The boys were walking westwardly along the north side of Railroad Street in Nanticoke when Alvin slipped on the wet grass, or "tripped on something" near the north edge of the cartway at a point about 30 feet west of Chestnut Street. He lost his footing and was precipitated headlong down an embankment and over a stone wall to the roadbed of the railroad below, and was injured in the fall. The dirt cartway in Railroad Street is 18½ feet wide. There were dwelling houses along the south side of the street with a semblance of a footway in front of some of them. There was no sidewalk or path along the north side of the street. Pedestrians generally walked in the road. From the north line of the cartway at the point where the boy fell, there was a rough grass plot descending at an angle of from 30 to 35 degrees to the top of a stone wall which extended for a distance of about 500 feet along the right of way of the defendant railroad. The grass plot was continuous from the edge of the cartway, down to and across the top of the stone wall, for a distance of 10 feet 8 inches. The wall at that point was 4 feet thick and 12 feet high. Railroad street as laid out is 30 feet wide and its northern line runs along the top of the stone wall. The point where Alvin lost his footing was well within the limits of Railroad Street. He and his companion were headed for a path, at the west end of the stone wall, which led to the lower level near their

homes. There was no fence, railing or other barrier along Railroad Street, nor on the wall, for the protection of travelers on the highway, and there was no posted warning of danger.

As long ago as 1886 the railroad had made a cut into the hillside in widening its trackway and had built the stone retaining wall here involved bordering Railroad Street in Nanticoke. As to the railroad the rule is well settled, and of general application, that a property owner who makes an excavation on his premises so near to an existing highway as to render the use of the road unsafe, will be liable to a traveler who, exercising due care for his safety, nevertheless falls into it and is injured. Restatement, Torts, §368; L. R. A. 1918A 850; 14 A. L. R. 1397; 159 A. L. R. 136.[1] 45 C. J., Negligence, §§282, 295. Our cases give full recognition to the principle. *Grier v. Sampson,* 27 Pa. 183; *Gramlich v. Wurst,* 86 Pa. 74; *Grogan v. Penna. R. R. Co.,* 213 Pa. 340, 62 A. 924; *Hildebrand v. Director Gen. of R. R.,* 270 Pa. 86, 90, 112 A. 875. Cf. also, Restatement, Torts, §369, as to the duty of an owner to guard excavations on his land against children because of their well known tendency to deviate from the highway.

The City of Nanticoke similarly owed this minor a positive duty under the circumstances. If a public street is dangerous by reason of its proximity to an embank-

---

[1] This supplements and brings down to 1945 the annotation in 14 A. L. R. 1397. We are not concerned with a possible exception to the general application of the rule which is the subject of a preceding annotation, 159 A. L. R. 125. There is no evidence here that the railroad made the cut into the hillside and built its wall prior to the dedication of Railroad Street by the municipality. We therefore need not decide whether, if that were the fact, the city alone would have been liable under the doctrine of *City of Fort Worth v. Lee,* 143 Texas 551, 186 S .W. 2d 954; or on the other hand, regardless of whether the retaining wall had been in existence before the highway, both defendants nevertheless are liable, as was held in *White v. Suncook Mills,* 91 N. H. 92, 13 A. 2d 729 and *Southern Ry. Co. v. Autry et al.,* 36 Ga. App. 552, 137 S. E. 414.

ment or precipitous decline, the city is liable for its failure by the erection of barriers or other devices to guard travelers from injury, in the use of the highway, who exercise reasonable care for their own safety. *Hey v. Philadelphia,* 81 Pa. 44; *Borough of Pittston v. Hart,* 89 Pa. 389; *Township of Aston v. McClure,* 102 Pa. 322; *Winegardner v. Springfield Twp.,* 258 Pa. 496, 102 A. 134. Cf. *Schaut v. St. Mary's Borough et al.,* 141 Pa. Superior Ct. 388, 14 A. 2d 583.

Whether the city and the railroad were chargeable with negligence in failing to protect this minor-plaintiff from injury under the circumstances and whether their negligence concurred in causing the injury, were questions wholly for the jury.

At the time of his injury the minor-plaintiff was but a few days over 13 years of age; he was in the sixth grade in school. A child is held only to such measure of discretion as is usual in those of his age and experience. *Liguori, Admr., v. Philadelphia,* 351 Pa. 494, 41 A. 2d 563. A thirteen year old boy cannot conclusively be presumed to be incapable of appreciating and guarding against danger. *Neidlinger et ux. v. Haines,* 331 Pa. 529, 533, 200 A. 581. On the other hand there is nothing in the evidence to indicate that the child in the present case was above the average in intelligence, though large physically, for his age. Cf. *Braden v. Pittsburgh,* 143 Pa. Superior Ct. 427, 18 A. 2d 818. However close the question of the contributory negligence of this boy, that question also was one exclusively for the jury. Cf. *Fabel v. Hazlett,* 157 Pa. Superior Ct. 416, 422, 43 A. 2d 373.

Finally, there is no merit in the city's contention that it is entitled to a new trial because of the failure of the trial judge to amplify the definition of negligence in his charge to the jury. In any view this amounted to no more than inadequacy in the charge and not fundamental error. The record shows that at the conclusion

of the charge the judge asked: "Is that all, gentlemen?" There was no answer. The city took only a general exception to the charge, and since this defendant ignored the opportunity offered by the trial judge to remedy any defect or inadequacy in the charge, it cannot now complain. *Medvidovich et al. v. Schultz,* 309 Pa. 450, 164 A. 338; *Gillett et ux. v. Yellow Cab Co.,* 87 Pa. Superior Ct. 365.

Judgments affirmed.