### EDWARD S. SHEPARD vs. THE NEW HAVEN & NORTHAMPTON COMPANY.

The plaintiff, in an action against a railroad company for an injury to him as a passenger by reason of the negligence of the defendants, averred in his declaration "that while the train was in rapid motion, he, actuated by a reasonable fear of the loss of his life if he remained on the train, and in view of an apparently unavoidable collision with another train of the defendants on the same track, and impelled by ordinary prudence, jumped from the train to escape the collision and was injured by violent contact with the ground, and that immediately afterwards the trains collided with great force." Held that the plaintiff could not introduce evidence that he remained on the train and was injured by the collision.

And held that the evidence was not rendered admissible by the fact that the defendants had suffered a default, and the case was being heard in damages.

The admission by a default is only of the cause of action stated in the declaration.

TRESPASS ON THE CASE for an injury to the plaintiff by reason of the negligence of the defendants; brought to the Superior Court in Tolland County. The defendants suffered a default, and on the hearing in damages before a committee the facts were found and the damages assessed, upon one view of the law at $300, and upon another at $10. The court (*Culver, J.,*) accepted the report and rendered judgment for the plaintiff to recover $300 damages. The defendants brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*C. E. Perkins* and *W. C. Case*, for the plaintiffs in error, cited *Lund* v. *Tyngsborough*, 11 Cush., 563; *Shaw* v. *Boston & Worcester R. R. Co.*, 8 Gray, 45, 76; *Graves* v. *Severens*, 40 Verm., 636.

*A. P. Hyde*, for the defendant in error, cited *House* v. *Metcalf*, 27 Conn., 632; *Lamphear* v. *Buckingham*, 33 id., 250; 1 Chitty Pl., 291; *Phillips Construction Co.* v. *Seymour*, 91 U. S. Rep., 646, 654; *Hancock* v. *Southall*, 4 Dowl. & Ry., 202.

PARDEE, J. On the 8th of October, 1870, the defendants undertook for hire to carry the plaintiff safely over a portion of their railroad. He instituted this suit against them for an alleged failure in the discharge of their duty in this respect, and in his declaration described the nature and manner of the wrong in the following words: "While said train was in rapid motion, he, actuated by a reasonable fear of the loss of his life by remaining on said train, and in view of an apparently unavoidable and inevitable collision with another train of cars with its engine, the same also being the property of the defendants and under the management and control of their agents, advancing upon the same line of track on said road and in a contrary direction rapidly approaching the car or train upon which he was as aforesaid being conveyed, was

impelled through actual and ordinary prudence to jump, to deliver himself from said train; that he did so jump, and deliver his life from a most threatening and dangerous exposure, and that immediately thereafter both of the aforesaid trains collided with great violence, to the terror and injury of his fellow-passengers. And he further says that as the direct consequence of his necessary act in thus perilously jumping from the aforesaid train in manner as aforesaid, he did then and there receive from contact with the ground and through the said laches of said defendants, certain severe cuts and contusions and certain painful and grievous internal injuries, &c."

The defendants suffered a default, and asked to be heard in damages; and the hearing was by a committee. The proof was that the plaintiff remained and received his injuries within the car. The committee reported that if, upon the foregoing facts, the plaintiff was entitled to full damages, these were assessed at $300; if to nominal damages only, the assessment should be ten dollars. The Superior Court accepted the report and rendered judgment for the plaintiff for $300 damages and costs. The defendants moved for a new trial for the following reasons: first, because the only cause of action set out in the declaration is, that to avoid imminent danger arising from the negligence of the defendants the plaintiff leaped from the cars and was thereby injured, and this is found to be untrue; second, because he was not injured in manner and form set out in the declaration, but in an entirely different manner, of which the defendants had no notice; third, because the plaintiff was guilty of negligence contributing to the injury, and was therefore entitled to nominal damages only.

Every allegation essential to the issue must be proved in the form stated; the fact proven must be legally identical with the claim put forth; and this for the defendants' protection; first, that he may know the charge which he is to meet; secondly, if he is unable to disprove it, that the verdict and judgment may protect him from another action based upon the same wrong; of course therefore, where the evidence dis-

proves the substance of the charge the case falls. And, although it is true that the line of separation between that which is merely unnecessary description and that which is essential in pleading, often becomes almost a lost boundary, yet it is plainly perceptible in this case. The allegation that the plaintiff was impelled through actual and ordinary prudence to jump from the car, that he did jump and deliver his life from a most threatening and dangerous exposure, and that, as a direct consequence of this act, he received severe cuts from contact with the ground, constitutes his complaint; this taken from the declaration there remains a form of words empty of any charge of legal duty neglected or wrong inflicted. Even the particular that he was injured by contact with the ground is so inseparably connected by the mode of statement with that which is essential, that it must be retained and proved. He declares that it was the direct consequence of the act of jumping, and the proof is that he performed no such act. This is not only to withhold information, but it is calculated to lead the defendants away from the truth. Of course, injuries inflicted in the manner shown by the proof and in that set forth in the declaration would each give the plaintiff a cause of action; so it would be a breach of the defendants' contract to carry him safely if in placing him in a seat their servants had carelessly broken his arm, or if they had negligently dropped a trunk upon and crushed his foot; and it would be no more without the limits of permissible variance to accept proof of such injuries under this declaration than to accept proof that he did not jump from the car at all.

If upon these pleadings the plaintiff is permitted to retain this judgment, and should bring an action against these defendants for injuries sustained by him while within the car as the result of a collision, it is difficult to perceive in what manner they could avail themselves of the first, by way of protection against a second judgment. For, although modern decisions have opened the door for the admission of extrinsic evidence consistent with the record, as to what was necessarily determined in a former suit, we are not aware that they

have gone so far as to allow the defendants to prove by such evidence upon the trial of the second suit, that a cause of action which is entirely inconsistent with the declaration · in the former case, is necessary to the existence of the judgment therein and constitutes in fact the only basis upon which it stands.    Not having in mind any decision or discussion even upon this point, we leave it undetermined.

In *Lund* v. *Tyngsborough*, 11 Cush., 563, the court held that an averment in a declaration that a party was violently thrown from a wagon upon the ground by reason of a defect in the highway, is not supported by proof that he voluntarily leaped from the wagon to avoid coming in contact with such defect.    In *Shaw* v. *Boston & Worcester Railroad Company*, 8 Gray, 45, the court held that an averment in the declaration that the plaintiff was struck by the defendants' locomotive engine while traveling in the highway, is not sustained by proof that, by means of their negligence in the management of their train, the plaintiff's horse was frightened, and ran or was driven out of the highway five or six rods before reaching the railroad crossing, upon land owned by the defendants, and that the plaintiff was there struck while attempting to cross the railroad.

The plaintiff urges that, inasmuch as the defendants by their omission to deny the averments of the declaration admitted the cause of action and every material element of it, of which negligence is one, they thereby waived all objection to his proof as to the manner of the accident.    This conclusion we cannot accept.

The defendants, by their omission to deny them, are held to have admitted the truth of all well pleaded material allegations in the declaration, and the consequent right of the plaintiff to a judgment for a limited sum, that is, for nominal damages and costs, without the introduction of evidence. This is the extent of the advantage gained by the plaintiff from that omission; if he is not satisfied with nominal, and seeks greater damages, he must proceed to prove the amount, and the declaration, so far forth as the increased amount is concerned, remains subject to the rules of pleading and evi-

dence, and the proof must follow the allegations as closely as if the case stood upon the general issue. If therefore, in proving the greater damages, the plaintiff proves that they resulted entirely from a wrong which he has not declared upon, this evidence forces him back to the nominal judgment. So far as this proceeding is concerned he has suffered no damage from a wrong upon which he has not based his action.

The conclusion which we have reached renders it unnecessary to discuss the remaining questions presented by the record.

There should be a new trial.

In this opinion the other judges concurred.