COLEMAN T. WALSH vs. THOMAS H. HAYES.

THOMAS WALSH vs. THOMAS H. HAYES.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A default in an action of tort founded on negligence, throws upon the defendant, on a hearing in damages, the burden of disproving the negligence alleged.

The fact that a large cake of ice was jolted out of place and bounded over the tail-board of an ice cart as it was being driven over a rough stone crossing, does not necessarily indicate any want of ordinary care. The question of negligence is one for the determination of the trial court in view of all the attending circumstances.

The trial court neglected to rule explicitly upon the plaintiff's claim that the fall of the ice was of itself sufficient evidence to authorize

a finding of negligence on the part of the defendant's servants. *Held* that the omission was harmless, since the ruling claimed was far from equivalent to holding that the fall of the ice required such a finding. *Held*, moreover, that the particular fact alluded to was insufficient to justify substantial damages, since the defendant had shown that it was not due to negligence of the kind charged in the complaint.

Under Chap. 194, § 9, of the Public Acts of 1897, exceptions to the finding, or to refusals to make certain findings, must be taken at the time of making a motion for the correction or alteration of the finding, and as a part of such motion; otherwise, reasons of appeal founded upon such exceptions will not be considered by this court.

A finding will not be altered where the additions requested are either of immaterial or merely evidential facts, or concern matters as to which the testimony was so conflicting that the trial court might well have come to the conclusions which it adopted.

Argued October 24th—decided November 28th, 1899.

ACTIONS to recover damages for personal injuries claimed to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and heard in damages to the court, *Roraback, J.;* facts found and judgment rendered for the plaintiff in each case for nominal damages only, and appeal by them for alleged errors in the findings and conclusions of the court. *No error.*

The finding stated the following facts : On July 11th, 1898, Coleman T. Walsh was a strong and healthy child nearly five years old. Thomas Walsh is his father. The defendant had been an ice dealer in Waterbury for two years. On said day a delivery wagon of the defendant, drawn by two steady truck horses, twelve years old or more, that he had used in the business for years, was being driven by one of his servants southward along River street in Waterbury, towards Washington street. A helper was also on board of it. River street rose by a grade of five per cent, as it ran south to meet Washington street, and Washington street rose by a grade of ten per cent from the River street crossing towards the east. There was a rough and uneven crossing constructed of stone blocks over which the wagon had to pass as it entered Washington street, and a similar one as it passed eastward along that street from the River street crossing.

The wagon contained six cakes of ice, each weighing from 150 to 200 pounds, which had just been carefully arranged upon the bottom of the wagon so as to prevent them from falling out. It had a tail-board a foot high, drawn very near the ends of the sides of the wagon, in a position almost vertical, and securely chained in place.

It was the habit of small children to hang on to the hind end of this and other ice wagons. This was known to the defendant and to said servants; also to said Coleman's father and mother. On said day, at about four o'clock in the afternoon, Coleman, together with two other little boys, ran up behind the wagon of the defendant to take hold of the tail-board, when it was twenty-five or thirty feet north of Washington street on River street, and hung on to the end of said wagon while it was in motion. The other children were on either end of the tail-board and Coleman was in the middle between them.

The wagon turned into Washington street to go up that street towards the east, and just then the driver saw the three children hanging on to the tail-board. He shouted to them to get off the wagon and keep away from there or they would be hurt; waving his hand to them at the same time. The three children thereupon dropped off from the end of the wagon to the street. Immediately thereafter, and just as the wagon was being turned up Washington street, the three children, in the same relative positions as before, ran back again, and again caught on to the tail-board. About this time the helper happened to look back and saw them again on the tail-board, and immediately shouted to them to get off. Immediately thereafter the off hind wheel of the wagon went into a depression in the street, thereby producing a sudden jolt, which so shook the wagon that one of the blocks of ice bounded into the air, slipped over the tail-board, knocked the child, Coleman T. Walsh, on to the street, and fell upon his right leg, producing the injuries set forth in the complaints. At the time that the defendant's horses turned the corner of River street and began to ascend Washington street they quickened their pace from a slow walk into a fast walk or a

slow trot as they felt the weight of the wagon upon the ascent of the hill.

The floor of the ice wagon was what is called a two-decker. The floor in the forward end of the wagon is about twelve inches higher than the floor at the tail end of the wagon. The wagon was four feet wide. The upper deck was three feet four inches long and the lower deck five feet eight inches long from the tail-board to the upper deck.

No witness saw the cake of ice falling until it struck the boy.

The wagon and all appliances thereof were in sound and good condition; the servants of the defendant upon said wagon were sober and competent men, and exercised due care in the control and management of said team, wagon, and the contents of the latter.

On these facts the plaintiffs claimed that (a) the defendant was liable, and (b) was negligent; (f) that they did not show that he was not liable; and (i) that the mere fact that a cake of ice weighing between 150 and 200 pounds fell out of the rear end of the defendant's wagon passing along the public highway driven by the defendant's servants on the defendant's business, where the persons driving knew that children were in the habit of hanging on to the tail ends of ice wagons, and that Coleman T. Walsh was at the time of his injury hanging on to the tail end of the defendant's ice wagon, was of itself sufficient to authorize a judgment for substantial damages against the defendant in favor of the boy, and also in favor of the father.

The court found that the accident was unavoidable, and in no way attributable to the negligence of the defendant or his servants, and overruled claims a, b and f; and ruled in accordance with certain other claims made by the plaintiffs, that Coleman T. Walsh did not contribute to his injuries by his own negligence; that his parents did not contribute to his injuries by their negligence; that the burden of proving that the defendant was not negligent was on the defendant; that the burden of proving that the plaintiff was guilty of contributory negligence was on the defendant; and that the

facts did not establish contributory negligence on the part of Coleman T. Walsh, or of his father or mother; and thereupon rendered judgment in each case that the plaintiff should recover nominal damages. No finding was made as to any ruling on claim (*i*), except the statement that all claims made, not warranted by nor pertinent to the facts found, were for those reasons overruled.

After the finding was filed, the plaintiff, on May 19th, 20th, and 23d, filed successively written "requests" for certain changes in it, some of which were allowed, and are incorporated in the facts above stated, and others were refused. No exceptions to any finding of fact or to any refusal to find a fact according to the draft of a finding originally filed by the plaintiffs, or according to any subsequent request by the plaintiffs, were annexed to any of these requests. On May 26th the plaintiffs filed, as a separate paper, written exceptions of the nature above described, embodying therein a request for the certification of evidence; upon which certain evidence was certified up, as requested.

*John O'Neill*, for the appellant (plaintiff).

*Lucien F. Burpee* and *Wilson H. Pierce*, for the appellee (defendant).

BALDWIN, J. The complaints in these actions charge the defendant with negligence, first, in loading his wagon with large cakes of ice, one placed on top of another, without being secured in any way whatever so as to prevent them from falling out of the back end upon the slightest jar; second, in failing to put in the tail-board; and third, in using a pair of young and spirited horses, and urging them up a steep grade with the whip; when he knew that children were in the habit of being about the rear end of his wagon for the purpose of getting bits of ice.

The default threw upon him the burden of disproving the negligence thus alleged, and he did disprove it.

That a large cake of ice was in fact jolted out of place

while the horses were trotting up hill, and flew out over the tail-board, did not necessarily indicate any want of ordinary care. It was for the trial court to determine, in view of all the attending circumstances, whether a wagon so heavily loaded could be hauled at such a rate of speed over a rough stone crossing, with due regard to the rights of those who might be found upon the highway. The boy who was injured was warned of his danger by one of the defendant's servants as soon as his presence was observed. Only extraordinary precautions, such as the use of a tail-board extraordinarily high, could have prevented any chance of such an accident. No such standard of care could be required on the part of the defendant.

Error is claimed in overruling the last of the claims (*i*) made by the plaintiffs on the trial. This claim was one warranted by and pertinent to the facts found, and they were entitled to ask for a ruling upon it. No harm, however, was done by the omission to comply with their request. If the claim had been held good, the effect of the ruling would have been simply that the fall of the ice was of itself sufficient evidence to authorize a finding of negligence on the part of the defendant's servants; but this would have been far from equivalent to holding that it required such a finding, and so would have been of no real service to the plaintiffs. That particular fact, however, was not sufficient even to authorize the award of substantial damages, unless it was due to negligence of the kind charged in the complaint. The defendant was entitled to show, and had shown, that this was not the case. The claim should therefore, in the form in which it was presented, have been overruled.

The plaintiff urges that it is supported by the doctrine stated in certain decisions, that he who for his own purposes brings on his lands and maintains there anything likely to do mischief if it escapes, is *prima facie* answerable for any damages from an escape not occasioned by the fault of him who suffered them, *vis major*, the act of God, nor the acts of third persons which there was no reason to anticipate. *Fletcher* v. *Rylands*, L. R. 1 Exch. 265, 279; L. R. 3 H. L.

330; *Gorham* v. *Gross*, 125 Mass. 232.   If this be the law, it cannot avail the plaintiffs, whose cause of action, as they state it, has not only been disproved, but had no connection with anything done on the defendant's land.   See *Smith* v. *Boston Gas Light Co.*, 129 Mass. 318, 320.

The reasons of appeal founded upon exceptions to the finding or to refusals to make certain findings, cannot be considered.   Such exceptions can only be taken at the time of making a motion for the correction or alteration of the finding, and as part of it.   See *Julian* v. *Stony Creek Red Granite Co.*, 71 Conn. 632, 640.   The object of this statutory provision that they are to be annexed to the motion (Public Acts of 1897, p. 890, § 9), obviously is that the trial court may be fully apprised that the moving party regards them as of such serious importance that, if his motion be not granted, they will be pursued by appeal.   In the case at bar no exceptions were annexed to any of the four motions for corrections in and additions to the finding.   Exceptions were subsequently filed as separate papers, but it does not appear that they were ever brought to the attention of the trial judge.

As this, however, is a formal defect in a new matter of procedure, which has not heretofore been made the subject of full consideration by this court, and as no objection to the grounds of appeal on this score was taken by the defendant, we have examined the evidence which was certified up, and are satisfied that it discloses no reason for any alteration in the finding of the trial court.   Part of the additions requested are of immaterial or merely evidential facts, and the rest concern matters as to which the testimony was so conflicting that the court might well come to the conclusions which it adopted.

There is no error.

In this opinion the other judges concurred.