HENRY F. SELTZER *vs.* THE W. H. DAVENPORT FIRE
ARMS COMPANY.

Second Judicial District, Norwich, May Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A judgment for substantial damages cannot be based upon a failure of
duty upon the part of the defendant which is not alleged in the com-
plaint; and this is equally true whether the case is tried in the
usual way or is heard in damages after a default.

The plaintiff, an elevator boy in the defendant's factory, alleged that
his injury was caused by the negligence of the defendant in know-
ingly furnishing an unsafe, defective and insecure emery-wheel.
Upon a hearing in damages it appeared that the negligence which
was proved, if any, consisted in not warning the plaintiff to leave
the room while the wheel was being tested in a proper way. *Held*
that this act of negligence not having been alleged could not justify
a judgment for the plaintiff for substantial damages.

Whether the purchase of machinery from an experienced and reputable
manufacturer who represented it as perfect and ready for immediate
use, is sufficient proof of the exercise of reasonable care in furnish-
ing safe machines for the use of the purchaser's employees, *quœre*.

Argued May 28th—decided July 23th, 1901.

ACTION by an employee to recover damages for personal
injuries claimed to have been caused by the negligence of the
defendant, brought to the Superior Court in New London
County and heard in damages to the court, *Shumway, J.;*
facts found and judgment rendered for the plaintiff for $750
damages, and appeal by the defendant for alleged errors in
the rulings of the court. *Error and cause remanded.*

The case is sufficiently stated in the opinion.

*Charles F. Thayer*, for the appellant (defendant).

*Seneca S. Thresher*, for the appellee (plaintiff).

HALL, J. The plaintiff, who was employed by the de-
fendant as an elevator boy in its factory where it was en-
gaged in the manufacture of guns, was injured by a flying

Seltzer *v.* Davenport Fire Arms Co.

fragment of an emery-wheel which burst in one of the rooms of the factory. The defendant had purchased the wheel of a manufacturer of high reputation, but no sufficient test had been made of the wheel prior to its shipment to the defendant. The trial court found that " the only reliable mode to test such a wheel is to place it on a shaft and set it in motion in a protected place, and gradually increase the speed until the desired velocity is attained," and that this was known to the defendant.

It was believed by the manufacturer that the wheel was capable of sustaining a strain equal to more than 700 revolutions per minute, and it was made in the same manner as other wheels made by this manfacturer and in use in many large manufactories in this and other countries.

The finding states that upon the removal of the wheel from the box, at the defendant's factory, it was examined and appeared to be without defects of any kind; that it was then placed upon the shaft and upon the machine called the emery-grinder and secured in its bearings; that the grinder was belted to the counter-shaft so that the wheel could not exceed 600 revolutions per minute, " in order that it might be at all times safe for the use of its employees;" that the defendant's foreman " in charge of the machine " applied the power and ran it a short time at the highest speed at which it could be run by the machinery as then arranged, while the foreman watched it to see that it was running in its true position. The wheel appeared to him to be evenly balanced and running properly. The wheel was then stopped and the foreman made an examination of all nuts and fastenings by which it was secured, and it appeared to be in proper condition. The power was then applied the second time, " when almost immediately " the wheel burst and the plaintiff was struck.

It is to be observed that at the time of the accident the wheel was not in use by the defendant's operatives, but was in charge of the defendant's foreman and was being tested by him, assisted, as indicated by the finding, by a fellow-workman, preparatory to being placed in use.

The finding says that the defendant's foreman testified that just prior to starting the wheel he notified all persons to leave the room except a fellow-workman; that the plaintiff, who by instruction was in the room where the elevator was then at rest, did not hear any notice to leave the room and did not know that there was any danger attendant upon the starting of the emery-wheel, and that proper precautions were not taken to keep other employees out of the room while the defendant was putting up and starting the wheel.

In his memorandum of decision the trial judge says that the test that was reasonably sure was "an actual trial of the wheel at the speed it was expected to run when in use," and that "it was the defendant's duty to take this precaution, without exposing its employees to the peril arising in case the wheel should prove defective."

The record seems to us to show that the trial court held the defendant liable upon a cause of action not described in the complaint.

The negligence of the defendant alleged in the complaint was its disregard of its legal duty " to furnish safe and secure machinery in the prosecution of its said business," in providing in one of its rooms " an unsafe, defective and insecure machine, to wit, an emery-grinder," the defects in which are described as, first, the want of a proper covering or protection; second, that the emery-wheel was placed in the machine in a negligent manner by unskilled workman; and third, that the emery-wheel was defective when placed in the machine, all of which it is alleged the defendant well knew. In what respect the wheel was unskillfully placed upon the machine, or wherein the emery-wheel was defective, or how the machine was thus rendered unsafe, is not alleged. It is alleged that the accident happened by reason of the defendant's negligence as aforesaid, while the machine was in operation.

The finding shows that the machine upon which the wheel was placed was a proper one for the work intended for it; that the accident was not caused by any unskillfulness in the manner in which the wheel was put on the machine, but by

the bursting of the wheel; that the defendant had no knowledge that the emery-wheel was defective, and that the fact that the wheel was defective was not chargeable to its negligence.

The facts found disprove the acts of negligence alleged, and the acts of negligence found are not averred in the complaint. They prove that the accident was not caused by the failure of the defendant to exercise reasonable care to provide safe machinery in the prosecution of its business, but that the defendant's foreman was testing the machine and that if he had not before the accident fully completed the very trial of the wheel which the court finds is the only reliable one, namely, the actual running of the wheel up to the desired velocity, the fault of the defendant, if it was guilty of negligence, was in not notifying the plaintiff to leave the room or warning him of the danger of remaining before the wheel was started the second time. This act of negligence is not alleged in the complaint, and even upon a hearing in damages after a default a judgment for substantial damages cannot be based upon a failure of duty upon the part of the defendant not averred in the complaint. *Pitkin* v. *New York & N. E. R. Co.*, 64 Conn. 482, 490; *Shepard* v. *New Haven & N. Co.*, 45 id. 54, 59.

To avoid liability for more than the nominal damages conclusively admitted by the default, the defendant was only required to prove that the injury complained of was not caused by his negligence, as alleged. *Walsh* v. *Hayes*, 72 Conn. 397, 401; *Ebert* v. *Hartley*, ibid. 453, 456. The trial court therefore erred in rendering a judgment for substantial damages upon the facts found, under the allegations of the complaint.

We have no occasion to discuss the question of whether proof that an employer had purchased of an experienced and reputable manufacturer a piece of machinery as perfect and safe to put into immediate use, might of itself constitute sufficient proof of the exercise of reasonable care in furnishing safe machinery for his employees, since it appears by the finding not only that the defendant knew that an actual trial

of the wheel was necessary in order to determine whether it could safely be used, but also that the defendant either had tested, or was engaged in testing, the wheel when the accident occurred.

There is error and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.