ESTHER EPSTEIN *vs.* M. BLUMENTHAL AND COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 23d, 1931—decided January 19th, 1932.

*Louis M. Schatz,* with whom was *Joseph B. Griffin,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellees (defendants).

MALTBIE, C. J. In this action M. Blumenthal & Company, Incorporated, and Maurice Rundbaken were made defendants. The complaint alleged in substance that on January 17th, 1930, the plaintiff was walking on the sidewalk on Main Street in the city of Hartford and about two o'clock in the afternoon was passing the store of the defendant Blumenthal & Company; that when she was three or four feet from the building, a servant, agent or employee, of these defendants "suddenly and without warning of any kind, came out of the entrance carrying a ladder which he had in a horizontal position, holding the same with his hands, and which ladder extended in front of him about three feet. As the agent, servant or employee of the defendants came out of this entrance with the ladder in this position, on to the public highway, which at that time was considerably crowded, the plaintiff was passing this particular place, and he smashed into her with said ladder with great force and speed and struck her at about the knees with the end of said ladder, knocking her to the ground with great force and violence, causing her severe, painful and permanent injury and doing some damage to her clothing." The specifications of negligence read as follows: "The defendants were negligent in that their agent, servant or employee failed to act as a reasonable and prudent man having in mind the circumstances of his entrance into said public thoroughfare in the center of the shopping district at a period of the day when he knew, or should have known, that pedestrians were continually passing and repassing said entrance; in that he carried with him a ladder which extended out into said street and which was below the eyes of any persons upon whom he would suddenly or sharply

come upon; in that he entered said highway without looking to ascertain whether or not the circumstances or conditions warranted his entrance into said highway at that particular time with the object that he had in his hands and the manner in which he was carrying the same; in that he failed to give a warning or notice of any kind of his intention to enter said thoroughfare; and in that he carried with him an article which he should have known would do injury to any person upon which he might suddenly come under the circumstances of his unexpected entrance into said highway and the position in which he was carrying said article."

Upon the trial the plaintiff offered evidence and claimed to have proved that the defendant Blumenthal & Company operated a store on Main Street in Hartford in its busiest section; that on the day of the accident the defendant Rundbaken had sent some men to place a large sign on the front of the store; that just prior to the accident they were using a ladder in hanging it; that one of them, as the plaintiff was passing upon the sidewalk, descended the ladder and, when he reached the sidewalk, lowered it and, holding it parallel with the sidewalk, walked toward the entrance of the store; that he changed his course in order to enter and in so doing swung the ladder around so that it struck the plaintiff. The trial court charged the jury upon the issues of negligence, contributory negligence and damages presented by the plaintiff's claims of proof, but it also called their attention to the allegations of the complaint and instructed them that before they could bring in a verdict for the plaintiff they must find that she had been injured in the way mentioned in the complaint and that the defendants or either of them were negligent in the way mentioned. The jury returned a verdict which the court refused to accept and then adjourned the case until the next

morning. It then stated that it was in accord with the verdict as regarded the defendant Blumenthal & Company, but asked further consideration as regarded the defendant Rundbaken, and then gave them further instructions. In these it emphasized that the negligence proved must be the negligence alleged in the complaint; it told them it was their duty to examine its allegations; and it stated that it was proof of the allegations of negligence alleged, not of some negligence not alleged, which must support a verdict for the plaintiff. Thereafter the jury brought in a verdict for both defendants.

The purport of these instructions was that the jury could not bring in a verdict for the plaintiff unless she had proved the particular cause of action she had alleged. Obviously the verdict was the result of this charge and if the trial court committed error in it the judgment cannot stand. On the other hand, if it was correct, any errors it may have committed in the charge given before the jury first retired are not of any consequence. Reduced to its essence, the question is, could proof of an injury suffered in the way the plaintiff's evidence indicated sustain a verdict upon the allegations of the complaint. The complaint not merely recited that a servant of the defendants, holding the ladder, suddenly and without warning came out of the entrance of the building as the plaintiff was passing and, as he was doing this, struck her with it, but the particular acts of negligence specified are expressly predicated upon his conduct in coming out upon the sidewalk. There is no suggestion in them of negligence upon his part in swinging the ladder around while upon the sidewalk nor of his management of it in proceeding toward the entrance of the store after he had descended from it. We have departed very far from the strictness of the old common-law doctrine

of variance and now discourage claims based upon it, regarding them only where there is a disagreement between the allegations and the proof in some matter essential to the charge or claim. *Maguire* v. *Kiesel*, 86 Conn. 453, 457, 85 Atl. 689. "However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he had not fairly alleged in his pleading." *Mazziotti* v. *DiMartino*, 103 Conn. 491, 496, 130 Atl. 844. In this instance the plaintiff in her complaint has made the conduct of the defendant's servant in coming out upon the sidewalk the very basis and essence of her claim. Under these circumstances a recovery based upon his negligence in swinging the ladder around after he descended from it and when he was proceeding toward the entrance of the store would be to go beyond the scope of the variations which we can overlook and permit a recovery upon a cause of action not alleged. *Shepard* v. *New Haven & Northampton Co.*, 45 Conn. 54, 56; *Seltzer* v. *Davenport Fire Arms Co.*, 74 Conn. 46, 49, 49 Atl. 852; *Elie* v. *Cowles & Co.*, 82 Conn. 236, 242, 73 Atl. 258; *Powers* v. *Connecticut Co.*, 82 Conn. 665, 668, 74 Atl. 931. After becoming satisfied that there was a fatal variance between the allegations and the proof, the trial court might well have suggested or even directed an amendment to the complaint. *LaBarre* v. *Waterbury*, 69 Conn. 554, 37 Atl. 1068; General Statutes, § 5513. But it did not do this and "it is our duty under the circumstances to accept the issue as framed by the pleadings, and review the court's determination of it." *Andrews* v. *Peck*, 83 Conn. 666, 668, 78 Atl. 445. The trial court committed no error

in its instructions to the jury on returning them to reconsider their verdict as the case stood before it.

There is no error.

In this opinion the other judges concurred.