CHARLOTTE FROSCH *v.* SEARS, ROEBUCK & COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued April 7th—decided May 5th, 1938.

*Howard W. Alcorn,* with whom was *Henry P. Bakewell,* for the appellant (defendant).

*Harold K. Watrous,* for the appellee (plaintiff).

BROWN, J.  In this action for personal injuries sustained by the plaintiff in falling over a tricycle on display in the defendant's store, these material facts are disclosed by the finding, with such corrections as the defendant is entitled to.  Shortly after 4 p.m. on May 23d, 1936, in the defendant's Hartford store, the plaintiff decided to look at zipper bags which were displayed along with other merchandise, including tricycles, in the sporting goods department.  These bags were located on express wagons placed upon horizontal metal supports, protruding from the vertical iron pipes of a display rack occupying a square area within the outside lines of the counters extended, at the intersection of an east and west aisle with the easterly side of a north and south aisle.  The counter next east of this rack, which was on the southerly side of the former aisle, was about three feet high, supported by iron posts, and open underneath.  As the plaintiff proceeded westerly in this aisle toward the rack she noticed that there were tricycles on display under the counter.  The plaintiff did not seek the assistance of the clerk present, and to examine the bags it was necessary for her to reach about head-high to the upper part of the rack for them.  She selected a bag, gave it to the clerk, and purchased and paid for it.  He proceeded with it to the counter on the north side of the east and west aisle to wrap it and make the sale.  The plaintiff following the clerk, walked a few feet north and turned east around the aisle corner, when she tripped over a tricycle.  This was protruding into the east and west aisle from beneath the counter immediately east of the rack.  The plaintiff did not and could not see the tricycle before she turned the corner and stepped into and tripped over it, because it was hidden from her view by the rack piled high with merchandise. It was in such a position that the plain-

tiff could not readily or easily discover the presence of a portion of the tricycle in the aisle while she was traversing it. The store was very busy that day with many people in it, and there was considerable traffic in the aisle where the plaintiff fell. The fall resulted in the dislocation of the plaintiff's shoulder and consequent damage to her.

The court's conclusions were but three: first, that "the plaintiff's fall and . . . injuries were caused by the negligence of the defendant in storing tricycles in under an open counter close to an aisle with the danger constantly imminent that one might protrude over the portion of the aisle where customers might be expected to walk"; second, that "the plaintiff did in fact sustain her injuries by reason of the fact that a tricycle protruded from beneath the counter over a portion of the aisle where she was traversing"; and, third, that no act or omission of hers was a contributing cause. In the view which we take of the case, but one of the claims made by the defendant upon appeal requires consideration, to wit, that there was a fatal variance between the allegations of negligence in the plaintiff's complaint, and the court's first conclusion upon which its judgment was predicated. Paragraph four of the complaint alleged that "the defendant . . . carelessly and negligently left a tricycle in the aisle" and the plaintiff fell over it. Paragraph five alleged that "the defendant negligently and carelessly left said tricycle in the path where the defendant had invited the plaintiff to go and be." No other negligence of the defendant was alleged.

It is manifest from a comparison of these words from the complaint with those of the court's first conclusion, that the actionable negligence stated in the latter was not alleged as a cause of action by the former. While the word "left" as used in the com-

plaint might be construed to mean either "placed" or "put," or "allowed to remain," and so as alleging two possible causes of action, one predicated on the defendant's negligent act of commission in locating the tricycle in the aisle, and the other on its negligent act of omission in failing to remove it, involving the additional element of notice, neither is a cause of action affording the essential basis for the court's conclusion. Notwithstanding the proximity of the points of location involved, negligence in placing or leaving a tricycle in the aisle, in so far as the cause of action is concerned, is entirely distinct from negligence in placing it under an adjoining counter in a manner creating imminent danger of its protruding into the aisle. As we said in *Epstein* v. *Blumenthal & Co., Inc.,* 114 Conn. 195, 198, 158 Atl. 234, where the complaint alleged negligence of the defendant in carrying a ladder out of a doorway onto a crowded sidewalk to the plaintiff's injury, and recovery was sought upon negligence in swinging the ladder around after the defendant had used it outside and was proceeding back toward the doorway: "We have departed very får from the strictness of the old common-law doctrine of variance and now discourage claims based upon it, regarding them only where there is a disagreement between the allegations and the proof in some matter essential to the charge or claim. *Maguire* v. *Kiesel,* 86 Conn. 453, 457, 85 Atl. 689. 'However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he had not fairly alleged in his pleading'; *Mazziotti* v. *DiMartino,* 103 Conn. 491, 496, 130 Atl. 844;" and we there held that to permit the recovery asked "would be to go beyond the scope of the varia-

tions which we can overlook and permit recovery upon a cause of action not alleged," citing *Shepard* v. *New Haven & Northampton Co.*, 45 Conn. 54, 56; *Seltzer* v. *Davenport Fire Arms Co.*, 74 Conn. 46, 49, 49 Atl. 852; *Elie* v. *Cowles & Co.*, 82 Conn. 236, 242, 73 Atl. 258; *Powers* v. *Connecticut Co.*, 82 Conn. 665, 668, 78 Atl. 931.

The finding indicates that the facts were insufficient to sustain either of the causes of action above suggested as the only ones within the allegations of the complaint. In view of the nature of the court's conclusion, as we observed in the opinion just quoted, after becoming satisfied that there was the variation thereby indicated between allegations and proof, it might well have suggested or even directed an amendment to meet it. *LaBarre* v. *Waterbury*, 69 Conn. 554, 37 Atl. 1068; General Statutes § 5513. Since it did not do this, "it is our duty under the circumstances to accept the issue as framed by the pleadings, and review the court's determination of it." *Andrews* v. *Peck*, 83 Conn. 666, 668, 78 Atl. 445. For the reasons we have pointed out, this requires the conclusion that the court's judgment was erroneous.

There is error and a new trial is ordered.

In this opinion the other judges concurred.