RECIPROCAL EXCHANGE ET AL. *v.* ALTHERM, INC., ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued June 9—decided July 5, 1955

*DeLancey S. Pelgrift,* with whom was *Robert E. Cohn,* for the appellants (defendants Jackson).

*Samuel Freed,* with whom, on the brief, was *Jacob Bresnerkoff,* for the appellees (plaintiffs).

DALY, J. The plaintiffs, insurance companies, as subrogees under insurance policies issued by them to Saul Silver, Jacob Silver, William C. Silver and Louis Silver, doing business as the Elco Beverage

Company and the Bristol Bottling Works, and hereinafter referred to as the owners, brought this action, in three counts, against the defendant Altherm, Inc., and the defendants Edward F. Jackson and Merle H. Jackson, doing business as the Industrial Oil Burner Company. The action was brought, on the first count, against the defendant Altherm, Inc., and on the third count, against the defendants Jackson, to recover for damage to the owners' property by explosion, alleged to have been caused by the negligent installation, inspection and servicing of an oil burner. The second count alleged breach of warranty by the defendant Altherm, Inc. The court rendered judgment for the plaintiffs to recover damages from the defendants on the first and third counts and for the defendant Altherm, Inc., on the second count. From the judgment against them on the third count, the defendants Jackson have appealed. No appeal having been taken by the defendant Altherm, Inc., from the judgment against it on the first count, the Jacksons only are hereinafter referred to as the defendants.

In their assignments of error the defendants claim that the court erred in refusing to find material facts as set forth in the draft finding and in finding certain facts as set forth in the finding. All but one of these assignments either are not pursued in their brief or seek changes which would not directly affect the ultimate facts upon which the judgment depends. The claims of error not included in their brief are regarded as abandoned. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390, 94 A.2d 1. No useful purpose would be served by correcting the finding if the changes sought would not directly affect the facts upon which the judgment depends. *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 51, 103

A.2d 529. In the remaining assignment the defendants contend that the court erred in finding facts without evidence. The court did not err as claimed, since it could draw reasonable and logical inferences from other unchallenged facts which existed prior to or subsequent to the event in question. *Shaughnessy* v. *Morrison*, 116 Conn. 661, 664, 165 A. 553.

The facts are as follows: On April 11, 1952, Altherm, Inc., entered into a written contract with the owners for the installation of a new steam boiler in their bottling plant in Bristol, to be used for supplying heat and steam for the cleaning of bottles. In addition to the boiler, the contract called for the construction of a combustion chamber under the boiler and the installation of a York oil burner. The owners chose this burner because, among other reasons, they knew that York had service representatives in the Hartford area, including Bristol. Altherm, Inc., purchased the boiler from the Steammaster Boiler Company of California and the burner from the Excel Company of New York City, which was the sales and service representative in that city for York burners. Altherm, Inc., made a subcontract for the construction of the combustion chamber with the Boiler and Equipment Company of New York City. The design for the combustion chamber was selected by Altherm, Inc., from the standard plans furnished by the Steammaster Boiler Company. These plans differed from the designs for combustion chambers used by the York Oil Company in connection with its burners.

During October, 1952, the boiler and the oil burner were installed and the construction of the combustion chamber was completed by the Boiler and Equipment Company in accordance with the design furnished by Altherm, Inc. On October 29, the oil burner

was started but did not operate properly. The flame was irregular and pulsating, there was smoke inside the chamber and there was an odor of fuel oil. The defendants were the exclusive York representatives in the Hartford area. Because Altherm, Inc., was unable to give any assurance as to when representatives of the Excel Company could come to put the burner into proper operation, and because it was cold and their production line was practically at a standstill, Saul Silver, one of the owners, made several calls to the defendant Edward F. Jackson, urging him to come to the owners' plant in Bristol and do everything possible to fix the burner.

Late in the afternoon of October 29, the defendants went to Bristol and inspected the burner. They made some adjustments but were unable to get an efficient fire. They left, promising to send a service man the following day. When they left, the burner was in operation but was producing a dangerous and hazardous fire. The installation was equipped with a five-point electronic safety burner control, approved by the Factory Mutual Insurance Company and Underwriters. This device was designed to shut off the burner in the event of a failure and thus to prevent an explosion. The device is the newest and latest type of safety equipment and was operating properly. The defendants tested the safety device, which had just been wired by an electrician who was there when they arrived. This was done five or six times in the presence of Louis Silver, one of the owners. It was impossible for the defendants to inspect or examine the design of the combustion chamber because the only means of viewing it was through a small porthole.

On October 30, Clifford Riggott, an employee of the Jacksons, went to the owners' plant and spent

four or five hours in adjusting the burner. Among other things, he placed bricks in the front of the combustion chamber to change the volume and direction of the secondary air flowing into the chamber. When he left, the fire within the chamber was somewhat improved but was still irregular and pulsating, and although the operation of the burner was still defective, dangerous and hazardous, he did nothing further. He left the burner in operation. William Swale, a boiler inspector for a boiler insurance company, inspected the installation on October 28, 30 and 31. He observed the burner in operation and recognized it as defective, dangerous and hazardous and declined to recommend the acceptance of the risk by his company. The burner remained in operation during the balance of October 30 and also on October 31, when, at about 2:30 p.m., there was a severe explosion which caused damage to the owners' plant. The explosion was caused by the defective design of the combustion chamber. The design did not provide for the proper amount of secondary air within the combustion chamber or for the proper direction of the flow of that air. This created an inadequate draft within the chamber and caused an accumulation of explosive gases therein. The full supervision of the installation, use and maintenance of the burner and heating equipment, on behalf of all the owners, was at all times under the control of Louis Silver, who also was the plant manager. The defendants knew or should have known that the continued operation of the burner was dangerous and hazardous and should have advised the owners to discontinue its use until the danger was eliminated.

The court concluded that Altherm, Inc., was negligent in choosing a faulty design for the combus-

tion chamber; that the defendants were negligent in failing to recognize the fire as a dangerous and hazardous one, in failing to discover the cause of the defective operation of the burner and in failing to advise the owners to discontinue the operation of it until the defective and dangerous condition was corrected; and that Altherm, Inc., and the defendants were liable for the damage.

The defendants contend that there is a fatal variance between the allegations in the complaint and the conclusions on which the judgment is based. The complaint stated that the explosion was caused by the negligence of the defendants in that they "negligently, carelessly or improperly inspected and adjusted the . . . burner and did not reasonably observe the defect in said burner, when in the exercise of reasonable care, they knew or should have known that the said burner was dangerous and likely to explode and as a result of which the burner did in fact explode causing great and severe damage." They maintain that the court, in its conclusions, supplied a completely new ground of negligence, namely, their failure to advise the owners to discontinue the operation of the burner. They claim that because of this the court erred in concluding that they were negligent. In their assignment of errors, however, they have not attacked the paragraph of the finding in which the court found that they knew or should have known that the continued operation of the burner was dangerous and hazardous and should have advised the owners to discontinue its use until the danger was eliminated.

"We have departed very far from the strictness of the old common-law doctrine of variance and now discourage claims based upon it, regarding them only where there is a disagreement between the al-

legations and the proof in some matter essential to the charge or claim. . . . 'However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he had not fairly alleged in his pleading.' *Mazziotti* v. *Di-Martino,* 103 Conn. 491, 496, 130 Atl. 844." *Epstein* v. *M. Blumenthal & Co.,* 114 Conn. 195, 198, 158 A. 234; *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303, 199 A. 646. Every variance is not a fatal one. Where the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled, it is generally treated as an immaterial variance, but where the difference is so substantial that the adverse party is misled by the averment and would be prejudiced on the merits of the case, it may be held to be a fatal variance. *Klein* v. *DeRosa,* 137 Conn. 586, 591, 79 A.2d 773; *Rose* v. *Van Bosch,* 119 Conn. 514, 518, 177 A. 565. We cannot say that the difference between the allegations in the complaint and the court's conclusions is so substantial that the defendants were misled by the averments and were prejudiced on the merits of the case.

In *Johnson* v. *Charles William Palomba Co.,* 114 Conn. 108, 110, 157 A. 902, the defendant demurred to the complaint because there was no allegation in it that, if the defendant knew or ought to have known of the claimed dangerous condition, it was under any duty to give the plaintiff any warning thereof. This court, in concluding that the trial court did not err in overruling the demurrer, based its decision upon the proposition that, since the danger was hidden and was known to the defendant or

should have been known to it, and was not known to the plaintiff or one that should have been known to him, it was the duty of the defendant to warn the plaintiff. In the instant case the court did not find, and the defendants do not claim that it should have found, that the owners knew, or should have known, that the continued operation of the burner was dangerous and hazardous and that its use should have been discontinued until the danger was eliminated. The court found that when the defendants left the owners' plant on October 29 the burner was producing a dangerous and hazardous fire; that, although the operation of the burner was still defective, dangerous and hazardous when their employee left the plant on October 30, he did nothing further and left the burner in operation; and that the defendants knew or should have known that the continued operation of the burner was dangerous and hazardous, in effect a hidden danger, and should have advised the owners to discontinue its use until the danger was eliminated. In view of the facts found by the court, we cannot say that it erred in reaching the conclusion of negligence on the part of the defendants.

There is no error.

In this opinion the other judges concurred.