THE BUOL MACHINE COMPANY *v.* WILLIAM T. BUCKENS

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 21, 1959

*Meyer Dworkin,* with whom was *Sidney L. Dworkin,* for the appellant (defendant).

*John L. Ericson,* for the appellee (plaintiff).

KING, J. The plaintiff, a manufacturer, sued the defendant, a machinery dealer, for damages for breach of contract in the sale to the plaintiff of a second-hand machine known as a Landis plunge cut hydraulic cylindrical grinder. The complaint alleged that the machine was defective, that it would not operate satisfactorily, that certain parts were missing, that it failed to perform the work for which it was purchased and that the defendant had breached his contract in that he failed to put the machine in satisfactory mechanical condition and refused to accept its return and to refund the purchase price in accordance with a so-called guarantee.[1] The plaintiff also sought recovery for expenses incurred by it for parts and labor in its attempts to get the machine into working order and for the losses it sustained by reason of its inability to supply customers' demands because of the failure of the machine to operate properly.

The defendant, in addition to a general denial of certain material allegations of the complaint, interposed a special defense the gist of which was that the guarantee applied only to machines reconditioned by the defendant and, furthermore, did not apply to machines sold "subject to inspection," and that for both reasons it did not apply here because prior to the purchase (a) the plaintiff was informed, and knew, that the defendant had not reconditioned the machine but that the reconditioning had been done by Green Brothers in Worcester, Massachusetts, and (b) the plaintiff inspected the machine and

---

[1] This guarantee read: "If any machine reconditioned by us does not prove satisfactory mechanically, the purchaser may return it freight prepaid within 30 days; and we will refund the purchase price in full. This does not apply to machines sold 'as is' or 'subject to inspection.' . . ."

saw it in operation on the premises of its then owner, a manufacturer in Bridgeport, so that the plaintiff purchased the machine from the defendant "subject to inspection." Certain of the material allegations of this special defense were denied in the reply.

It is obvious that the basic issue to be tried was whether there was a breach of contract as to the condition of the machine or as to the guarantee or in both respects. As far as appears from the finding, that was the basic issue actually tried. The trial court found that in fact both the plaintiff and the defendant were mistaken, in that the machine actually sold was a plain grinder and not a plunge cut grinder, as both parties supposed; that therefore there was a mutual mistake as to a material fact; that consequently there was no sale; that there was no evidence to show that the machine was of any value to anyone when the plaintiff offered to return it and the defendant refused to accept it; and that the plaintiff was entitled to recover the purchase price of the machine and $51.52, which had been spent for parts and labor, plus interest. Accordingly, the court rendered judgment for the plaintiff to recover $9404.02.

Of the defendant's numerous assignments of error, but one need be considered. This is that the pleadings do not warrant a judgment based, as was this, on the rescission of an executed contract of sale because of a mutual mistake of fact as to the identity of the subject matter of the contract. Rescission of a contract on the ground of mutual mistake may be granted in a proper case where the mistake is common to both parties and by reason of it each has done what neither intended. *Milford Yacht Realty Co.* v. *Milford Yacht Club, Inc.*, 136 Conn. 544, 548, 72 A.2d 482; see 3 Corbin, Contracts §§ 600, 605; 12

Am. Jur. 618-621; *Newell* v. *Smith,* 53 Conn. 72, 74, 3 A. 674; *Texas Co.* v. *Crown Petroleum Corporation,* 137 Conn. 217, 225, 75 A.2d 499; *State* v. *Hartford Accident & Indemnity Co.,* 138 Conn. 334, 340, 84 A.2d 579. Here there is nothing in the complaint even suggestive of any mistake, mutual or otherwise. The judgment was based on an entirely different cause of action from any alleged in the complaint. *Lesser* v. *Altnacraig Convalescent Home, Inc.,* 144 Conn. 488, 491, 133 A.2d 908. "Any claim of . . . mistake was not within the issues presented by the pleadings in the case and could not properly be adjudicated in this action." *Home Owners' Loan Corporation* v. *Nasiatko,* 129 Conn. 19, 23, 25 A.2d 661. "While our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the complaint provide the measure of recovery." *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338; *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303, 199 A. 646; *DeLucia* v. *Valente,* 83 Conn. 107, 108, 75 A. 150; *Moran* v. *Bentley,* 69 Conn. 392, 403, 37 A. 1092.

The finding discloses nothing to take the case out of the general rule. This was no immaterial variance of no consequence to anyone, as in cases such as *House* v. *Metcalf,* 27 Conn. 631, 637, and *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 551, 115 A.2d 460. It was not a variance of which the defendant had notice during the trial and which, by making no objection, he waived, as in cases such as *Scott* v. *Scott,* 83 Conn. 634, 640, 78 A. 314, and *Collins* v. *Erdmann,* 122 Conn. 626, 632, 191 A. 521. It was not a situation where both parties voluntarily participated in the trial of an issue not within the purview of the allegations of the complaint, as in

cases such as *Spitz* v. *Abrams,* 128 Conn. 121, 123, 20 A.2d 616. See *Receivers Middlesex Banking Co.* v. *Realty Investment Co.,* 104 Conn. 206, 213, 132 A. 390. The finding does not indicate that the defendant was not misled or prejudiced on the merits of the case. *Antonofsky* v. *Goldberg,* supra. While the finding does not set forth when the fact that there had been a mutual mistake was first discovered, the plaintiff's brief suggests, although it does not unequivocally assert, that it was during the course of the trial. If and when the plaintiff had any reason to believe that on the evidence a judgment based on mutual mistake was warranted or might be rendered, it should forthwith have attempted appropriately to amend its complaint. *Frosch* v. *Sears, Roebuck & Co.,* supra, 304. The finding discloses no effort so to do. As far as appears from the finding, the defendant had no warning, prior to rendition of the judgment, that he would be exposed to a judgment based on a cause of action for mistake. It follows that the judgment was on a cause of action entirely outside the issues and cannot be supported on any ground. A new trial must be granted.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred except DALY, C. J., who concurred in the result but died before the opinion was adopted by the court.