CHARLES SCHALLER *v.* ROADSIDE INN, INC., ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

62

Argued June 9—decided July 5, 1966

*Arnold J. Bai,* with whom were *Joseph S. Catalano* and, on the brief, *Hans C. F. Wriedt,* for the appellant (named defendant).

*James J. Maher,* with whom, on the brief, were *Brian P. Maher, Kevin J. Maher* and *Thomas E. Minogue, Jr.,* for the appellant (defendant D & R Plumbing & Heating Company).

*William W. Wilbourne III,* with whom were *John J. McGuinness* and, on the brief, *Theodore I. Koskoff,* for the appellee (plaintiff).

COTTER, J. The plaintiff brought this action to recover damages for personal injuries alleged to to have been caused by the negligence of Roadside Inn, Inc., hereinafter referred to as Roadside, and D & R Plumbing & Heating Company, hereinafter referred to as D & R. The jury returned a verdict in favor of the plaintiff against both defendants, judgment was rendered on the verdict, and each defendant has appealed.

There was evidence from which the jury could reasonably have found the following facts: The plaintiff, Charles Schaller, was engaged by Michael A. Fusco, as president and manager of Roadside, to prepare the food for a stag party to be held there on the evening of May 24, 1960. Fusco was also a general cook and bartender for Roadside, which is located on the Post Road in Fairfield, and he acted as such that evening. The plaintiff, according to Fusco, started his work preparing food at approximately 4:30 in the afternoon and finished at about 10:30 p.m. Thereafter he watched a show which was going on in the dining room, bought a bottle of beer, which he consumed, and left the premises by a rear door some time after 11 p.m. As he was walking from the exit to the parking lot, the plaintiff fell into an unlighted and unguarded trench, which had been dug by D & R in accordance with a contract between it and Roadside, and sustained the injuries which are the subject matter of this litigation.

The basic claim of Roadside is that the court erroneously instructed the jury in that it permitted the jury to predicate a recovery by the plaintiff on facts not specifically alleged in the complaint, thereby condoning a variance between pleading and proof. In his complaint the plaintiff alleged that he

was on the premises as a "business invitee." In response to a motion by Roadside, to state "the exact purpose for which" the plaintiff was allegedly on the premises as a business invitee, the plaintiff declared that he was "on the premises as an independent contractor engaged to cater a party." Roadside then filed a special defense that the sole remedy against it was under the Workmen's Compensation Act, which the plaintiff denied. An important issue in the case against Roadside, therefore, was whether the plaintiff was on the premises as an employee, thus limiting him to recovery under the Workmen's Compensation Act, or as an invitee who was not employed by Roadside, in which case this common-law action would lie.

The evidence developed at the trial warranted a finding by the jury that even if the plaintiff came upon the premises as an employee, he subsequently, upon the completion of his work, became a patron and remained such through the time of his injuries. The court instructed the jury, inter alia, that they could find that the plaintiff, at the time of his injuries, was either an independent contractor, an employee, or a business patron, and Roadside took exception on the ground that a finding that the plaintiff was a business patron would be at variance with the allegation in the more specific statement that he was on the premises as an independent contractor. Modern procedure has come a long way from the day when slight variances were fatal to a cause of action. This is reflected in our rule of practice as a code state that immaterial variances shall be wholly disregarded. Practice Book § 134. It is said we have an "established liberal practice" in regard to immaterial deviations from the allegations of the complaint. *Pierce, Butler & Pierce*

*Mfg. Corporation* v. *Enders,* 118 Conn. 610, 613, 174 A. 169. A variance in the factual aspect of a case which does not prejudice the opponent, and which does not change the theory of the cause of action, should not under ordinary circumstances be allowed to make voidable an otherwise sound judgment. See *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599, 136 A.2d 338; *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 551, 115 A.2d 460; *Taylor* v. *Corkey,* 142 Conn. 150, 153, 111 A.2d 925; *Klein* v. *DeRosa,* 137 Conn. 586, 591, 79 A.2d 773; *Frosch* v. *Sears, Roebuck & Co.,* 124 Conn. 300, 303, 199 A. 646. Of course, a variance which alters the basic nature of a complainant's cause of action cannot be condoned. In other words "[a] plaintiff may not allege one cause of action and recover upon another." *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213; *Levy* v. *Carter Rice & Co.,* 136 Conn. 216, 221, 70 A.2d 147. For instance, recovery may not be allowed on the basis of mutual mistake when the cause of action, as stated in the unamended complaint, is for breach of contract. *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 643, 153 A.2d 826. Any variance or difference between the allegations and proof, if shown, must be material and in some way essential to the cause of action or defense if the claimed disagreement between the allegations and the proof is to be considered fatal. *Berkowitz* v. *Kasparewicz,* 121 Conn. 140, 147, 183 A. 693; *Shelinsky* v. *Foster,* 87 Conn. 90, 96, 87 A. 35; see 41 Am. Jur., Pleading, § 370; 65 C.J.S., Negligence, § 202. In this connection, we have approved a charge in which the trial court instructed the jury that recovery might be warranted in a cause of action in negligence in which the plaintiff alleged he was a passenger and there was proof he was the driver of the automobile

involved in the collision with another car. The defendant claimed that the plaintiff could not recover because of the variance, and we stated: "The identity of the driver of the car did not create a different cause of action if found other than as alleged; it was an incidental element . . . and proof that the other was driving would not constitute a material variance." *Tierney* v. *Correia,* 120 Conn. 140, 151, 152, 180 A. 282. This rule has been applied in other cases where the proof of a factual situation is different from that alleged. *Lionetti* v. *Coppola,* 115 Conn. 499, 503, 161 A. 797; *Dombroski* v. *Abrams,* 116 Conn. 454, 456, 165 A. 457.

In the present case, the basic cause of action against Roadside was for damages due to a breach of duty owed by the owner of land to a business visitor. Whether the plaintiff was on the premises as an independent contractor or as a patron would not affect the theory of the cause of action, for the duty owed to each is the same. *Laube* v. *Stevenson,* 137 Conn. 469, 473, 78 A.2d 693; Restatement (Second), 2 Torts § 332, comment (e). Since the plaintiff must be considered a business visitor in either capacity, the variance was not of a nature which altered his essential cause of action and cannot therefore vitiate the judgment unless it somehow prejudiced or misled Roadside on the merits of the case. *Antonofsky* v. *Goldberg,* supra, 599.

That the plaintiff finished his work, entered the dining room, bought a bottle of beer, and watched the floor show were at all times within the knowledge of Roadside. Fusco, its president, made two written statements a few weeks after the accident, one of which was produced by the attorney for Roadside upon request of plaintiff's counsel at the trial, relating these events, and these statements

were introduced as exhibits at the trial. When called as a witness by the plaintiff, he testified in the same manner. Counsel for Roadside had full opportunity to examine on this evidence, which went in without objection.[1] It is obvious that the facts which Roadside now claims as having constituted a material variance could in no way have surprised or misled Roadside since they were established by the testimony of its president. Justice is not served by accepting a claim of variance from a party who at all times has been in a position of knowing the true state of facts. *Willey* v. *Boston Electric Light Co.*, 168 Mass. 40, 43, 46 N.E. 395. We conclude, therefore, that although one of the alternatives by which the jury was allowed to find for the plaintiff assumed a factual episode at variance with the complaint, the element of prejudice was not present and the variance was immaterial. *Reciprocal Exchange* v. *Altherm, Inc.*, 142 Conn. 545, 552, 115 A.2d 460; *Taylor* v. *Corkey*, 142 Conn. 150, 153, 111 A.2d 925; *Klein* v. *DeRosa*, 137 Conn. 586, 591, 79 A.2d 773. The issue whether the plaintiff was a business visitor or an employee was placed squarely before the jury in argument and in the charge and was resolved in favor of the plaintiff on a general verdict.

The only other claim which has been pursued by Roadside is that the trial court, in passing on its motion to set aside the verdict, erred in not concluding as a matter of law that, at the time of the accident, the plaintiff was an employee within

---

[1] It appears from the claims of proof and from the exhibits that there was sufficient evidence from which the jury could conclude that the exit by which the plaintiff left the premises, and outside of which the trench had been dug, was generally used by patrons, and Roadside's contention that it was prejudiced by not having had an opportunity to inquire into this question is not supported by the record.

the meaning of the Workmen's Compensation Act. From the unchallenged portions of the finding, and from the evidence printed in the appendix to the plaintiff's brief, it is clear that there was ample evidence from which the jury could conclude that the plaintiff was either an independent contractor or a patron at the time of his injuries. The court did not err in submitting the question of his status to the jury.

The appeal by the defendant D & R presents the single claim that the verdict was excessive and should have been set aside on its motion. The refusal of the trial court to set aside a verdict as excessive is error only if it appears that the amount of the verdict is so manifestly unjust as to compel a conclusion of partiality, prejudice or mistake on the part of the jury. *Vogel* v. *Sylvester,* 148 Conn. 666, 669, 174 A.2d 122. In view of the evidence of the injuries in this case, including some of a permanent nature, it cannot be said that the verdict went beyond the limits allowed under this rule.

There is no error.

In this opinion the other judges concurred.